No. 13763

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

LINDA G. EASTON,

Plaintiff and Respondent,

-vs-

MIKE G. EASTON,

Defendant and Appellant.

Appeal from:  District Court of the Sixth Judicial District,
Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

For Appellant:

Smith Law Firm, Helena, Montana
James Sewell argued, Helena, Montana

For Respondent:

Michael J. Whalen argued, Billings, Montana

Submitted:  December 12, 1977

Decided: JAN 26 1978

Filed:  JAN 26 1978

Thomas J. Kearney Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court:

This is an appeal by defendant Mike G. Easton from the findings, conclusions and order of the District Court, Park County, dated January 26, 1977. Judge LeRoy L. McKinnon denied defendant's petition for modification of the divorce decree and other relief against plaintiff, found defendant in contempt of court, and ordered defendant to pay plaintiff's attorney fees in this matter.

This case involves a custody conflict over the parties' minor child and visitation rights. The custody dispute has raged nonstop since the entry of the original District Court's findings of fact and conclusions of law dated June 30, 1975. Due to the deep mire created by the parties' persistent legal maneuvering, a chronological summary of this matter's progression through the District Court is provided.

On June 30, 1975, findings of fact and conclusions of law were entered by the District Court. By this judgment, plaintiff was awarded custody of the minor female child. Defendant was granted visitation with his daughter two weekends per month, alternate holidays and six weeks during the summer. Defendant was required to provide $100 child support per month.

On July 29, 1975, plaintiff moved to amend the findings of fact and conclusions of law to provide reasonable attorney fees. The findings and conclusions were amended as requested on August 19, 1975. Plaintiff then filed a petition to amend, supplement and clarify the amended findings of fact and conclusions of law and requested a restraining order. A hearing was

- 2 -

held on this petition October 3, 1975. On October 20, 1975, the District Court entered its findings of fact and conclusions of law, whereby it modified the visitation rights of defendant.

Defendant countered by moving to amend the findings and conclusions on October 27, 1975. Defendant sought to restore his visitation rights as originally determined. No hearing took place on this motion. In March 1976, defendant requested the District Court to set a hearing on defendant's motion to amend. The District Court denied that request, stating the time for amending the findings of fact and conclusions of law had passed. Additionally a practical problem existed, in that no transcript had been made of the proceedings. At no time subsequent to the original hearing on divorce was a record made, nor was a court reporter present to make a record on the subsequent petitions to modify, until the hearing held November 22, 1976. During the October 3, 1975, hearing, both parties stipulated to proceed without a court reporter. Judge A.B. Martin, in his April 6, 1976, letter to defendant's attorney as of that date, clearly stated that although counsel had been advised it was their responsibility to secure a court reporter, none was present at the October 3, 1975 hearing.

Defendant responded by petitioning for modification of the order entered October 20, 1975, by Judge A. B. Martin. After both parties disqualified numerous District Court judges and filed numerous motions, the matter was finally heard November 22, 1976. On January 26, 1977, the findings, conclusions and order of Judge LeRoy L. McKinnon were entered. Defendant's petition for modification and other relief was denied. Defendant was found in contempt of court. Plaintiff was awarded attorney fees according to the provisions of section 48-327 and 48-339(3), R.C.M. 1947. From this order defendant appeals.

Defendant raises seven issues for review.

Did the District Court err:

1) In not requiring that a stenographic record be made of the October 3, 1975 hearing?

2) In modifying defendant's visitation rights by its findings of fact and conclusions of law entered on October 20, 1975?

3) By refusing to consider defendant's motion to amend findings of fact and conclusions of law and to enter additional findings dated October 27, 1975?

4) In not granting custody of the minor child to defendant as requested in defendant's petition for modification?

5) In failing to appoint counsel for the dependent minor child as requested by defendant?

6) By failing to interview the minor child and order that an investigation and report concerning custodial arrangements for the minor child be made?

7) In awarding attorney fees to plaintiff?

<u>Issues 1,2 and 3.</u>  These issues pertain to District Court proceedings prior to the November 22, 1976 hearing and are combined for discussion.  During oral argument before this Court, defendant's present counsel argued that by virtue of this appeal this Court has jurisdiction to review all prior District Court actions concerning this cause.  We disagree.  This Court is without jurisdiction to consider the correctness of the decree of divorce and restraining order dated October 22, 1975, and the letter order of Judge Martin dated April 14, 1976.  No appeal was taken to this Court from the decree of divorce nor from the order of April 14 within the time allowed by Rule 5, M.R.App. Civ.P.  Montana law is well settled that an untimely notice of

of appeal is a jurisdictional defect which renders this Court powerless to hear the appeal. Zell v. Zell, (1977), ____Mont. ____, 565 P.2d 311, 34 St.Rep. 492, 493.

Additionally, the notice of appeal filed on February 14, 1977, states that defendant is appealing from the decision and judgment entered on January 26, 1977. Rule 4(c), M.R.App.Civ.P., provides that the notice of appeal "shall designate the judgment or order appealed from." The judgment from which defendant appeals is clearly the judgment entered January 26, 1977, by Judge McKinnon.

Of further note, this Court takes exception to defendant's first issue. We trust that through inadvertence defendant's prior counsel raised this issue. Upon a close review of the District Court record, this Court finds that counsel for the defendant stipulated before the District Court to proceed with the October 3, 1975, hearing without the presence of a court reporter. Counsel surely knows the term "waiver" is generally defined as a voluntary and intentional relinquishment of a known right, claim or privilege. Farmers Elevator Company of Reserve v. Anderson, (1976), ____Mont.____, 552 P.2d 63, 33 St.Rep. 614, 618.

Issue 4. On January 26, 1977, Judge LeRoy L. McKinnon entered the following conclusion of law:

> "1. The evidence does not justify the modifi-
> cation of the divorce decree herein within the
> meaning of Section 48-339, R.C.M. 1947, as amended
> or otherwise."

Section 48-339(2)(c), R.C.M. 1947, prohibits modification of the custody decree within two years after its date of entry unless:

- 5 -

"(c) the child's present environment endangers seriously his physical, mental, moral or emotional health, and the harm likely to be caused by a change of environment is outweighed by its advantages to him."

Defendant brought his petition to modify the custody decree within two years of its date of entry. Accordingly, defendant had the burden to meet the requirements of section 48-339(2)(c). This he did not do.

During defendant's presentation of evidence, the District Court repeatedly requested defendant to present evidence judtifying modification of the divorce decree. The District Court stated:

"THE COURT: Well, you are intending to tie in, and we have been going quite a while here and we have nothing on the grounds, the change of circumstances, which justifies the motion."

This Court finds the questions of the District Court pertinent and persuasive.

The incidents relied upon by defendant to justify his petitions were in each case explained and contradicted by plaintiff's evidence. This Court has stated that the District Court is in the best position to judge the weight and credibility of the witnesses, especially where there is a conflict of testimony. Miller v. Fox, (1977), ___Mont.____, 571 P.2d 804, 34 St.Rep. 1367, 1370.

Defendant attempted to show plaintiff neglected the health care of the child. This contention was refuted by plaintiff. In fact, plaintiff presented medical bills for the child's health care, which had been sent to defendant but not paid. The prior divorce decree ordered defendant to pay reasonable medical costs for the minor child.

Defendant additionally based his petition on the grounds the child's emotional health was endangered while in plaintiff's custody. Defendant states he is concerned over his daughter's mental and emotional well-being. While defendant makes this statement, his actions belie his words. The record reveals defendant refused to pay court ordered child support. He also refused to return the child to plaintiff after the court allowed summer visit had ended. The necessity of obtaining court assistance to regain custody of the child produced a traumatic end to the child's summer visit.

On July 9, 1976, two deputy sheriffs were required to serve defendant with Judge A.B. Martin's order transferring the child from the custody of defendant to plaintiff. After being served with the order, defendant twice refused to turn over the child and revealed considerable hostility in complying with the order. Even though defendant was aware of the prior divorce decree granting custody to plaintiff and he had in his possession the July 7, 1976 order of Judge Martin, defendant prolonged the whole procedure for over an hour. The minor child was at all times present and visibly upset during this hour long episode. Defendant's actions clearly added to this emotionally upsetting experience for the child.

Defendant had the burden to overcome the presumption of correctness of the District Court's decision. This was not done. Unless there is a clear abuse of discretion by the trial court, a decision on custody will not be overruled on appeal. Brooks v. Brooks, (1976), ____Mont._____, 556 P.2d 901, 33 St. Rep. 1114, 1116.

- 7 -

Issue 5. This issue lacks merit because it was not raised at trial. Defendant's attorney in his October 27, 1976 letter to Judge W.W. Lessley stated:

" * * *

"We have also made motions for the Court to seek professional advice, to interview the child, and for appointment of counsel.

"Some of these I would like to retain, and some I would to dismiss.'

" * * *."

At the November 22, 1976 hearing, defendant was allowed to proceed on all issues which he wished to present. Nowhere in the trial transcript did defendant raise this issue. This Court will not consider for the first time on appeal an issue which was not raised in the District Court. Johnson v. Johnson, (1977), ____Mont.____, 560 P.2d 1331, 34 St.Rep. 101, 103.

Issue 6. This issue does not merit consideration. The only issue before the District Court was whether the divorce decree should be modified within two years from its date of entry. Section 48-339, R.C.M. 1947, clearly sets forth the circumstances under which modification is possible and the burden the moving party must meet. Defendant failed to clear the fundamental hurdle of meeting his burden as the moving party. Defendant did not show the child's present environment endangers seriously her physical, moral, or emotional health. The Uniform Marriage and Divorce Act was enacted by the Montana legislature in 1975. The rationale behind adopting section 48-339 was to create some stability for the child. Holm v. Holm, (1977), _____Mont._____, 560 P.2d 905, 908, 34 St.Rep. 118, 121. To allow modification of the custody decree without meeting the burden on the moving party would make a mockery out of section 48-339 and the rationale behind it.

Contrary to defendant's claim, there was no issue of "determining custody". Custody had been determined. If there had been an issue of "determining custody", section 48-334, R.C.M. 1947, clearly states the court *may* interview the child to ascertain the child's wishes. No duty is placed on the District Court to interview the child. During the November 22, 1976 hearing, the minor child was immediately available to the District Court to interview, if so desired. The District Court declined to interview, stating:

> "MR. GILBERT: Your Honor, at this time I would renew our motions that the Court interview the child, have an investigation conducted of the background of both parties to this lawsuit, and seek professional advice if the Court deems it necessary. Further, I will file herein a request for proposed findings of fact and conclusions of law, your Honor.

> " * * *

> "THE COURT: Well, the Court doesn't feel that any material change affecting the welfare of the child has been shown, and I am not sure that it would serve any useful purpose to interview this child. To walk in cold to interview someone like this who is already tense and nervous about an interview, I at least don't think I am particularly good at that. I really don't believe it would serve much purpose. * * *"

Issue 7. This issue challenges the granting of attorney fees to plaintiff. In the findings, conclusions and order of January 26, 1977, the District Court in its Finding No. 3, found:

> "3. The action upon the part of the defendant, Mike G. Easton, in seeking modification of the divorce decree upon the grounds set forth in the petition on file herein, taking into account the proof made by the defendant, was vexatious and constituted harassment against the plaintiff, Linda G. Easton."

The District Court then entered its conclusion of law No. 4:

> "4. The defendant should be required to pay to Michael S. Whalen, counsel for the plaintiff, the sum of $1372.75 within thirty (30) days of the entry of this order under the facts herein and the provisions of section 48-327 and 48-339, subdivision (3), R.C.M. 1947, as amended."

- 9 -

The award to plaintiff was based on sections 48-327 and 48-339(3). Section 48-327 allows the District Court to consider the financial resources of both parties and to order one party to pay for the cost of maintaining or defending any proceeding to the other party. Section 48-339(3) allows attorney fees and costs to be assessed against a party seeking modification, if the court finds that modification action vexatious and constituting harassment.

The District Court had before it the relative financial conditions of the parties. The District Court was afforded the opportunity of seeing the witnesses, hearing them testify, and thus was in a position to understand and construe the testimony in light of all surrounding circumstances. Davis v. Smith, (1968), 152 Mont. 170, 176, 448 P.2d 133. Therefore, the District Court was in the best position to judge whether the petition was vexatious and constituted harassment.

We affirm the District Court's award of attorney fees under sections 48-327 and 48-339(3). In addition, this Court awards to plaintiff additional fees for services rendered in defending this appeal. This Court directs defendant to pay Michael J. Whalen, counsel for plaintiff, the sum of $750.00.

The judgment of the District Court is affirmed.

Acting Chief Justice

- 10 -

We Concur:

_Gene B. Daly_

_Frank J. Haswell_

_____

_____

Justices.

. . . . . . . . .

Mr. Justice Daniel J. Shea concurring in part and dissenting in part:

I concur in this Opinion, but not in all that is said therein.

_Daniel J. Shea_
Justice.