PAMILA I. STROUF, Petitioner and Respondent, v. DUANE STROUF, Respondent and Appellant.

No. 14014.
Submitted April 27, 1978.
Decided May 11, 1978.
578 P.2d 746.

Torger S. Oaas argued, Lewistown, for appellant.

K. Robert Foster argued, Lewistown, for respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

This is an appeal by the father of a minor child, Joseph Paul Strouf, from an order of the District Court, Fergus County, changing the son's custody from his father to his mother.

The parties were awarded a divorce on December 20, 1976. The decree of dissolution incorporated the terms of a property settlement and custody agreement. In the custody agreement, the mother was given custody to Cory Alan Strouf, a one year old child, and the father was given custody of Joseph Paul Strouf, a three year old child. Each party was given reasonable visitation rights.

After entry of the decree, the father with his son moved to Vancouver, Washington, where they were residing in 1977. Sometime in July 1977, Joseph Paul Strouf was brought back to Lewistown, Montana, to allow his mother to exercise her visitation rights.

On July 20, 1977, the mother filed a petition for modification of custody supported by an affidavit. On that same day, the District Court entered an order to show cause directing the father to appear on August 22, 1977, to show cause why the petition for modification should not be granted.

A hearing was held on the show cause order on August 22, 1977. The father did not appear at the hearing. After the hearing, the court entered an order granting permanent custody of Joseph Paul Strouf to his mother, ordering the father to pay $75 per month child support to the mother, and granting the father reasonable visitation rights, except to limit his right to take the child out of Montana.

On August 29, 1977, the father filled a motion to vacate the District Court's order of August 22, 1977. This motion was made pursuant to Rule 60(b), M.R.Civ.P., on the basis of excusable neglect. A hearing was held on the motion on September 14, 1977. The court denied the motion on September 27, 1977. On September 20, 1977, the father filed a notice of appeal from the August 22 order changing custody from him to the mother.

On appeal there are basically two issues before this Court. They are:

1. Did the District Court have jurisdiction to modify the prior custody award?

2. Is there sufficient evidence to justify a change in custody?

The father argues that under the statutes pertaining to modification of child custody awards, the District Court lacked jurisdiction to change the custody of his son. He argues that sections 48-339, 48-340 and 48-331, R.C.M.1947, set out the jurisdictional requirements before a modification of custody action can be heard. He states that none of these requirements have been met in this case. We agree.

Section 48-339, R.C.M.1947, is the specific statutory authority for actions to modify custody awards. It prohibits such actions for two years after entry of a custody award unless the court permits the action to be maintained because there is reason to

believe the child's present environment may endanger seriously his physical, mental, moral, or emotional health. This endangerment must be made known to the court by affidavit.

In this case, the mother filed her petition for modification of custody within the prohibited two year period. She did file an affidavit attempting to show that her action fit within the two year prohibition. This affidavit was insufficient to bring her within the exception, because the court made no finding that the child's present environment endangers seriously his physical, mental, moral or emotional health. Such a finding during the two year period is a jurisdictional prerequisite for the court to have power to hear and modify a custody award. *Holm v. Holm* (1977), 172 Mont. 81, 560 P.2d 905; *Olson v. Olson* (1978), 175 Mont. 444, 574 P.2d 1004; *Easton v. Easton* (1978), 175 Mont. 416, 574 P.2d 989. Since this finding was not made by the District Court, it lacked jurisdiction to hear the petition for modification or to change custody of the child from the father to the mother.

We hold that under section 48-340, R.C.M.1947, the District Court lacked jurisdiction to issue the order to show cause. This statute deals with affidavit practice and reads:

"A party seeking a temporary custody order or modification of a custody decree shall submit together with his moving papers an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted."

In this case, the father was not given notice of the petition for modification. He was not given a copy of the mother's affidavit. He was not given an opportunity to file an opposing affidavit. Three steps must be taken before an order to show cause is issued. Thus,

the order to show cause is void for failure to comply with section 48-340, R.C.M.1947.

■ Finally, we note the District Court did not have jurisdiction under section 48-331, R.C.M.1947. The pertinent provisions of this statute read:

"(1) A court of this state competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a) this state:

"(i) is the home state of the child at the time of commencement of the proceedings; or

"(ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reason, and a parent or person acting as parent continues to live in this state; or

"(b) it is in the best interest of the child that a court of this state assume jurisdiction because:

"(i) the child and his parents or the child and at least one contestant have a significant connection with this state; and

"(ii) it is necessary in an emergency to protect him because he has been subjected to or threatened with mistreatment or abuse or is neglected or dependent; or

"(d)(i) no other state has jurisdiction under the prerequisites substantially in accordance with subsections (1)(a), (1)(b), or (1)(c) of this section or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine custody of the child; and

"(ii) it is in his best interest that the court assume jurisdiction.

"(2) Except under subsections (1)(c) and (1)(d) of this section, physical presence in this state of the child or of the child and one of the contestants is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination."

The facts indicate that Montana was not the home state of the

child. His home state was Washington. Subsection (1)(c) of section 48-331 is not applicable because there was no emergency and the child had not been abandoned. Subsection (1)(b) is not applicable because of the requirements of subsection (2) and subsection (1)(d). In this case, only the mother, one of the contestants, and the child were in the state. Therefore, jurisdiction to determine the custody matter was not conferred upon the court. Finally, there was jurisdiction in the State of Washington as that was the home state of the father and the child. We hold that under section 48-331, R.C.M.1947, the court lacked jurisdiction to determine the custody issue.

On appeal the mother argues the father waived his right to claim any lack of jurisdiction in the trial court by not raising the issue in that court. She goes on to argue that the father consented to the jurisdiction of the District Court by his motion to vacate the judgment. We disagree. The question before this Court is whether the District Court had jurisdiction to determine the custody issue. Lack of jurisdiction over the subject matter can be raised at any time. *Corban v. Corban* (2972), 161 Mont. 93, 504 P.2d 985. The father's failure to raise this issue in the District Court does not preclude him from raising it on appeal.

Since we have found the District Court lacked jurisdiction to hear and decide the custody issue, we need not discuss the second issue raised by the father.

The order of the District Court changing custody of the Joseph Paul Strouf from his father to his mother is vacated for lack of jurisdiction. The order to show cause is similarly vacated. The custody award in the original divorce decree is reinstated.

MR. JUSTICES DALY, HARRISON, SHEA and SHEEHY concur.