No. 84-534

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN RE THE MARRIAGE OF
COLLEEN M. STOUT,

Petitioner and Appellant,

and

WADE E. STOUT,

Respondent and Respondent.

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Beaverhead,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Dooling Law Office, Dillon, Montana

For Respondent:

Chester L. Jones, Virginia City, Montana

Submitted on Briefs: May 3, 1985

Decided: June 13, 1985

Filed: JUN 13 1985

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Fifth Judicial District, Beaverhead County, granting change of custody of the parties' minor child, Laurie, from the appellant Colleen Stout to the respondent Wade Stout.

We affirm.

A decree of dissolution was entered on November 9, 1982 dissolving the parties' marriage but specifically reserving the issues of custody, child support, visitation, maintenance and the division of property. On May 31, 1983, the parties executed a property settlement, child custody and child support agreement, and on June 1, 1983 the District Court approved this agreement and incorporated it in the dissolution decree. Custody of the minor child was awarded to the wife, Colleen Stout, and the husband was allowed visitation privileges which were set forth in detail. Husband was required to pay $150 per month for child support.

Appellant Colleen Stout refused to let the respondent exercise his visitation privileges as required by the decree. Respondent moved for an order to show cause why he was denied visitation and why Colleen should not be held in contempt of court. After a closed hearing on February 1, 1984, the District Court entered an order temporarily modifying the dissolution decree. The order reflected a compromise agreement between the parties and provided that Colleen allow Wade to visit the minor child but that he not be allowed to keep the child overnight. The court ordered Marjean Wagner, R.N. to continue to monitor the entire situation. The court recommended that both parties seek counseling.

On April 17, 1984, Wade moved the District Court again for an order requiring Colleen to show cause why she has not complied with the visitation provisions of the temporary order issued on February 1, 1984 and why she should not be held in contempt of court. An order was issued but Colleen was not served so no hearing was held. On May 11, 1984, Wade filed a petition for modification of the dissolution decree seeking a change in custody. The petition was duly verified and alleged that there was a material change in circumstances that affected the best interests of the child and that the harm caused by the requested change was outweighed by the advantages of the change. The petition alleged that Colleen has a severe alcohol abuse problem, was committed to the Galen State Hospital for treatment and that she removed the minor child from the jurisdiction of the court without notice to Wade.

Several orders to show cause were issued by the court but none were served due to the inability to locate Colleen. On June 29, 1984, an identical order to show cause was issued by the Clerk of the District Court at the direction of the judge and properly served on Colleen. A hearing was set for July 13, 1984. On July 12, 1984, Colleen moved to dismiss Wade's petition on the grounds that the court lacked jurisdiction or in the alternative that the petition did not state a claim upon which relief could be granted. The motion was accompanied by a brief.

The court vacated the hearing set for July 13, 1984 and set another hearing for July 25, 1984. At this hearing the court took under advisement Colleen's motion to dismiss and granted Wade time to file a brief in response to the motion. The court heard testimony from Wade, Colleen, Dale Samuel, an

alcohol counselor, and Joseph Albro, a social worker, concerning the merits of the case. The court appointed Robert Dwyer as attorney for the minor child.

Another hearing was held on August 8, 1984. Joseph Albro and Colleen Stout testified. On August 22, 1984, the District Court issued findings of fact, conclusions of law and order in which the court denied all Colleen's procedural motions, granted a change of custody to the father and granted the mother liberal visitation privileges. The mother was not ordered to pay any child support. The court ordered both Colleen and Wade to report to the court every three months concerning the welfare of the child and ordered that the situation be monitored by a social worker from the Welfare Department.

Six issues are raised by Colleen:

1. The District Court was without jurisdiction to consider the petition to modify child custody, and its failure to grant the motion to dismiss that petition was error;

2. The District Court's decree modifying custody of the minor child was against the weight of the evidence, and it was error for the court to decline to grant the motion to dismiss for failure of proof;

3. The court erred in refusing evidence of sexual abuse of the child as res judicata;

4. The District Court should have granted attorney's fees to the mother;

5. The District Court erred in appointing counsel with a conflict or potential conflict of interest as attorney for the minor child; and

6. The District Court erred in accepting ex parte and hearsay communications, off the record, in deciding the case.

Appellant contends that the District Court erred in not dismissing the petition to modify custody. Appellant asserts that strict compliance with § 40-4-220(1), MCA, is a jurisdictional prerequisite to hearing a child custody modification petition.

Section 40-4-220(1) provides:

"40-4-220. Affidavit practice. (1) A party seeking a temporary custody order or modification of a custody decree shall submit, together with his moving papers, an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted."

In this case no separate document entitled "affidavit" was filed and served with the petition. Appellant contends this is fatal. We think that this argument is an attempt to elevate form over substance. We have held in the past and reiterate here today that there must be substantial compliance with the procedures set forth in § 40-4-220(1), MCA, in order to insure that all parties to the proceeding have notice and an opportunity to respond. See Knowlton v. Knowlton (Mont. 1981), 632 P.2d 336, 38 St.Rep. 1304; Strouf v. Strouf (1978), 176 Mont. 406, 578 P.2d 746.

The District Court in this case ruled that the verified petition complied with the intent and purpose of § 40-4-220, MCA. We agree. The petition set forth facts sufficient to put the appellant on notice of Wade's factual basis for modification. Wade averred that Colleen had a drinking problem, that she had taken the minor child from the

- 5 -

jurisdiction of the court without notifying Wade, that Colleen's living situation had changed and that it would be in the best interest of the child for the child to be in Wade's custody.

Section 26-1-1001, MCA, defines affidavit as a written declaration under oath made without notice to the adverse party. We held in State ex rel. Redle v. District Court (1936), 102 Mont. 541, 545, 59 P.2d 58, 60, that a "verified petition is equivalent to, and can be used as an affidavit in a proceeding to be instituted on affidavit (citing authority) provided, of course, that the petition contains the necessary facts to move the court." We hold that the provisions of § 40-4-220(1) were satisfied by the verified petition and the District Court properly assumed jurisdiction.

Colleen contends that the District Court order is not supported by the evidence. Findings of fact of the district court will not be set aside unless clearly erroneous. Rule 52(a), M.R.Civ.P. Substantial evidence in the record supports the findings of fact and conclusions of law contained in the District Court order. The court found that Colleen's life style and living situation lacked stability. She had moved from town to town following the dissolution and was presently cohabitating with her former husband, Randy Smith, on a ranch 60 miles south of Dillon. Colleen had been arrested for driving under the influence of alcohol with the minor child in her vehicle.

Although Colleen did take the first step on the road to recovery from her alcohol abuse problem by undergoing treatment at Galen State Hospital she was unwilling or unable to stop drinking. After her discharge, she did not avail herself of any of the after care programs available in the

area. The evidence shows that her drinking adversely affects her parenting ability.

There was no evidence introduced that tended to show that the reunited couple of Randy Smith and Colleen Stout would provide a suitable environment for Laurie Stout. The District Court's finding that the child's present environment posed a danger to her physical, mental and emotional health is not clearly erroneous.

The court found that Wade could provide a more stable environment for the child. He has a spacious three-room home and earns a respectable salary. The court found that Wade was motivated to care for his daughter and could make suitable arrangements for her care while he was working.

In sum, we conclude that the findings of the District Court are sufficient to meet the criteria set forth in § 40-4-219, MCA, for modification of child custody.

Appellant contends the District Court erred in not admitting evidence concerning a case of alleged sexual abuse of the minor child by the father, respondent herein. These allegations gave rise to a petition for temporary investigative authority which was filed by the State of Montana. A hearing was held in District Court before Judge Davis, the presiding judge herein, and the petition was dismissed for lack of evidence.

The only time this issue was raised in this custody modification proceeding was during the direct examination of Mr. Albro, a social worker,

> "MR. KOZAKIEWICZ (appellant's counsel): Okay. Thank you. You were involved in this case or at least a similar case involving the same parties earlier this year; is that true?
>
> "MS. PARKER (respondent's counsel): Your Honor, we object. That's been previously --

"THE COURT: Yes, that's res judicata about 14 times. The objection is sustained.

"MR. KOZAKIEWICZ: Okay. Your Honor, may I make an offer of proof? I wasn't going to introduce evidence of that particular --

"THE COURT: Well, you can make an offer of proof for the record right now, and I know what it is going to be."

Mr. Kozakiewicz failed to make an offer of proof and proceeded with the examination. Rule 103(2), M.R.Evid. requires that if evidence is excluded the substance of the evidence must be made known to the court by offer or it must be apparent from the context of the questions asked. It is evident from the judge's remarks that he was familiar with the substance of the evidence sought to be admitted.

Technically, this evidence is not barred by the principles of res judicata or collateral estoppel. Res judicata technically only applies to situations where the cause of action or claim has been previously litigated. In contemporary legal vernacular it is referred to as claim preclusion. Collateral estoppel or issue preclusion refers to the situation where an issue has been previously litigated by a party in a former case and that party is estopped from relitigating it in a subsequent case. See Brault v. Smith (Mont. 1984), 679 P.2d 236, 41 St.Rep. 527. Collateral estoppel is more applicable here. In Aetna Life and Casualty Insurance Company v. Johnson (Mont. 1984), 673 P.2d 1277, 41 St.Rep. 40, we adopted the test to determine the applicability of collateral estoppel first articulated in Bernhard v. Bank of America (1942), 19 Cal.2d 807, 122 P.2d 892. (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the

party against whom the plea is asserted a party or in privity with a party to the prior adjudication? See 673 P.2d at 1279.

The most important of the above elements is identity of issues. Harris v. Harris (Mont. 1980), 616 P.2d 1099, 37 St.Rep. 1696. There must be precise identity of issues. Stapleton v. First Security Bank (Mont. 1983), 675 P.2d 83, 40 St.Rep. 2015.

The issue presented in the previous action, In Re the Inquiry into Laurie Stout, a Youth in Need of Care, cause no. 296, is not identical to the issue in the instant case. In the former case, the issue was whether the State of Montana should intervene and terminate the parental rights of the father. In this case, the evidence sought to be introduced by Colleen concerning the facts involved in the former case was offered to rebut Wade's contention that the advantages of changing custody outweighed the disadvantages.

Moreover, the State is required to prove by clear and convincing evidence that an order terminating parental rights is justified. In the Matter of T.J.D., J.L.D. and R.J.W. (Mont. 1980), 615 P.2d 212, 37 St.Rep. 1385; Matter of J.L.B. (1979), 182 Mont. 100, 594 P.2d 1127. In the instant case, the respondent's burden is proving by a preponderance of the evidence that the statutory criteria set forth in § 40-4-219, MCA, are satisfied. The difference in the burden of proof must be considered when applying the principle of collateral estoppel. If the issue decided in the former proceeding required less proof by the prevailing party than the amount of proof required to prove the same issue in the latter proceeding, collateral estoppel will not apply and the issue must be relitigated. We find the reasoning of the United

States Supreme Court in One Lot Emerald Cut Stones and One

Ring v. United States (1972), 409 U.S. 232, 93 S.Ct. 489, 34

L.Ed.2d 438 persuasive.

> "Moreover, the difference in the burden of proof in criminal and civil cases precludes application of the doctrine of collateral estoppel. The acquittal of criminal charges may have only represented 'an adjudication that proof was not sufficient to overcome all doubt of guilt of the accused (Citing authority.)' 'As to the issues raised, it does not constitute an adjudication on the preponderance-of-the-evidence burden applicable in civil procedings. (Citing authority.)'" 409 U.S. at 235, 93 S.Ct. at 492, 34 L.Ed.2d at 442.

We note, however, if the issue decided in the former

proceeding required more proof by the prevailing party or the

burden of proof on the prevailing party was higher than that

required to prove the same issue in the latter proceeding and

all the other elements of collateral estoppel are satisfied

then the issue should not be relitigated.  See Aetna Life and

Casualty Co. v. Johnson, supra.

Technically, we think that testimony concerning cause

no. 296 should have been admitted by the District Court.

However, given the nature of these proceedings and overall

factual setting, we think excluding this evidence was

harmless error.  The same District Court judge heard both

cases.  Appellant's counsel did not pursue the matter and

make a formal offer of proof or ask the court to take

judicial notice of the previous case and consider it when

deciding this case.  No additional evidence concerning the

alleged sexual abuse that was the subject of the previous

case was offered.  Although we think the District Court

should have let Colleen present the same evidence the court

had heard before, we do not think that doing so would have

had any effect on the outcome of this case.

Colleen's contention that the District Court should have awarded her attorney's fees is without merit. She admits that § 40-4-219(2), MCA, supplies the statutory authority to grant attorney's fees in a custody modification proceeding. Since Wade's action in securing a change of custody can hardly be considered vexatious or harrassing, Colleen has no right to attorney's fees under § 40-4-219(2).

The District Court appointed Robert Dwyer as counsel for the minor child, Laurie Stout. Counsel for the Colleen objected to his appointment on the grounds that there was a potential conflict of interest. Counsel asserts that the conflict arises from the fact that Mr. Dwyer now occupies an office formerly occupied by the District Court Judge Frank Davis and Christine Parker who represented the respondent throughout most of these proceedings. We find no conflict of interest based on these facts.

Colleen alleges that there was an improper ex parte communication between the judge and a person interested in the proceedings. The allegation is made by an unverified document entitled "Affidavit of Counsel" which is attached to appellant's brief. Respondent filed a motion in this Court to strike said affidavit from appellant's brief. We grant respondent's motion. We will not consider evidence extraneous to the record. Section 3-2-204, MCA; Downs v. Smyk (1980), 185 Mont. 16, 604 P.2d 307. The record reveals that appellant's counsel made no motion for a mistrial or to remove the District Court judge from the case. The appellant made no mention of the alleged misconduct on the record. The District Court was given no opportunity to refute or explain the allegation and no opportunity to remedy the situation or rule on it. We will not discuss accusations of misconduct

- 11 -

against district court judges made to this Court in an appeal that are not first raised in the District Court.

Affirmed.

_____
John C. Sheehy
Justice

We Concur:

_____
J. A. Turnage
Chief Justice

_____
Frank B. Morrison

_____
William E. Hunt

_____
L. C. Gulbrandson
Justices