No. 88-58

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

WALTER H. PESCHEL,

   Plaintiff and Appellant,

 -vs-

WILLIAM EVAN JONES,

   Defendant and Respondent.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Leif Erickson, Judge presiding.

COUNSEL OF RECORD:

 For Appellant:

   Martin J. Elison, Missoula, Montana
   Larry M. Elison, Missoula, Montana
   William J. Powell, Spokane, Washington

 For Respondent:

   William L. Crowley; Boone, Karlberg & Haddon, Missoula,
   Montana

---

Submitted on Briefs: May 26, 1988

Decided: July 14, 1988

Filed: JUL 1 4 1988

*Ethel M. Harrison*

Clerk

the loan was going to be assigned to HUD. On November 10, 1979, Peschel and the contractor Martin Development entered into a written agreement, entitled Addenda No. 1. The agreement was signed by these two parties only and was an attempt to cure the financing problems so as to allow construction to continue. The Addenda agreement released and discharged both parties from all disputes existing between them on that date. Work resumed on the project into December, 1979. However, when Martin Development prepared construction loan requisition No. 13 (Draw No. 13), Washington Mortgage refused to pay the disbursement because it intended to reassign the construction loan to HUD. As a result, no further construction loan draws would be authorized and disbursed until HUD accepted the assignment and approved the draws. Many subcontractor bills were not paid on time and construction ceased.

Peschel filed a "complaint for damages for professional negligence" against Jones on November 14, 1985. The complaint alleged that the agreement negotiated by Jones, Addenda No. 1, was inadequate and proximately caused damages totalling $1,095,740 for increased construction costs, monies which could not be refunded from escrow, legal fees, accounting fees, rent impoundment charges, and an interest rate increase incurred when forced to refinance the project. Peschel alleged Addenda No. 1 was defective because, inter alia, it failed to obtain consent from HUD, the contractor's bonding company, and Washington Mortgage. Additionally, the complaint alleged various other defects including: Jones failed to negotiate a resolution as to the current defaults with Washington Mortgage, failed to advise Peschel that construction would cease unless additional parties consented, released the contractor Martin Development from all claims, and incorrectly advised Peschel of liability limitations.

3

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff/appellant, Walter H. Peschel, appeals a summary judgment granted in favor of defendant/respondent, William Evan Jones. Summary judgment was granted on two separate dates, December 11, 1986 and December 8, 1987, in the Fourth Judicial District, Missoula County. We affirm.

In October of 1978, Walter Peschel (Peschel) was involved in the development and construction of an apartment complex which was to be known as the "Mountain Wood Apartments." Peschel was the sole general partner of a limited partnership. In June, 1978, Peschel entered an oral agreement, known as the MacDonald Agreement, with Charles Isaly (Isaly) for the construction of the complex. Isaly represented the construction contractor, Martin Development Company (Martin Development).

The principal lender was the Washington Mortgage Company (Washington Mortgage), the loan was guaranteed by the Department of Housing and Urban Development (HUD), and the parties entered a HUD form construction contract June 6, 1978. The loan amount obtained from Washington Mortgage did not include the total amount needed for construction. Peschel desired to construct a complex of a quality which would cost more than the guarantee obtained from HUD. Peschel intended to personally finance the amounts above that provided in the principal loan.

Construction of the complex began in July, 1978 and financing problems developed shortly thereafter. Peschel later hired defendant, William Evan Jones (Jones) an attorney at law, to assist in negotiations regarding the financing difficulties. On October 2, 1979, Washington Mortgage notified Peschel that he had defaulted on his loan and that

The District Court granted a partial summary judment in favor of defendant Jones December 11, 1986, based on a theory of collateral estoppel. The District Court granted summary judgment for Jones as to the remainder of the complaint December 8, 1987, holding that the statute of limitations prohibited the remaining issues from going forward.

Peschel raises two issues on appeal:

1. Did the District Court correctly determine that defendant was entitled to partial summary judgment based on collateral estoppel?

2. Did the statute of limitations prohibit plaintiff from his cause of action?

1. Collateral Estoppel.

The facts surrounding this case are somewhat involved and have spawned a significant amount of litigation. In Martin Development Co. v. Keeney Construction Co. (Mont. 1985), 703 P.2d 143, 42 St.Rep. 752, we affirmed a District Court award of $40,000 to Martin Development for lost profits and against Peschel. We also held that the Addenda represented the entire agreement of the parties and reversed an award of attorney's fees and an award of interest based on lost profits. Martin Development Co., 703 P.2d at 148, 42 St.Rep. at 758. In the present case, plaintiff Peschel is bound by the facts and law as established by this prior case.

Defendant Jones entered a motion for summary judgement on November 10, 1986. Jones alleged that portions of the acts or omissions alleged by Peschel to constitute legal malpractice had been effectively determined by prior litigation and that Jones was entitled to summary judgment as to those acts or omissions according to the theory of collateral estoppel. The District Court granted partial summary judgment December 11, 1986, and denied a motion by

4

plaintiff Peschel to alter or amend the partial summary judgment February 9, 1987. The District Court also issued two orders clarifying the extent of the partial summary judgment on June 5, 1987 and August 12, 1987.

Simply stated, Peschel's claim is that Jones produced a defective document and offered Peschel defective legal advice when he presented Addenda No. 1 to Peschel and advised him to sign it. More specifically, Peschel listed the following twelve acts or omissions in his complaint labeled a. through l. of paragraph V:

> a. Defendant failed to procure the consent of HUD to "Addenda No. 1," agreement between Plaintiff and the contractor.
>
> b. Defendant failed to obtain the consent of the contractor's bonding company to "Addenda No. 1."
>
> c. Defendant failed to obtain the consent of Washington Mortgage Company to "Addenda No. 1" or to attempt to negotiate resolution of current defaults with that firm.
>
> d. Defendant advised Plaintiff that the consent of the foregoing parties was not necessary for "Addenda No. 1" to be effective and for the project to continue.
>
> e. Defendant drafted and advised Plaintiff to agree to paragraph 11 of "Addenda No. 1," which released and discharged the contractor from all claims.
>
> f. Defendant failed to obtain commitment from HUD to release draw No. 13 in conjunction with carrying out "Addenda No. 1."

5

g. Defendant advised Plaintiff that commitment of HUD to release Draw No. 13 was not necessary.

h. Defendant failed to obtain written agreement from the contractor's bonding company to guarantee completion of the project.

i. Defendant advised Plaintiff that such commitment from the bonding company was not necessary and that the bonding company would still be liable.

j. Defendant failed to include in "Addenda No. 1" and failed to attempt to negotiate provisions in said agreement requiring the contractor to produce lien waivers each month so that progress disbursements would not be held up.

k. Defendant advised Plaintiff that his liability under paragraph 13 of "Addenda No. 1" was limited to the $50,000.00 and $15,000.00 mentioned in paragraphs 2(a) and 2(d).

l. Defendant advised Plaintiff not to accept a proposal subsequently made by the bonding company to construct a third building and thereafter litigate certain issues then pending.

By way of its order granting partial summary judgment, the order denying Peschel's motion to alter or amend, and the two orders of clarification, the District Court granted summary judgment based on the doctrine of collateral estoppel as to issues (a), (b), (d), (f), (g), (h), (i), (j), and the portion of (c) referring to the failure to obtain the consent of Washington Mortgage to Addenda No. 1 (the remainder of subsection (c) was held to still be at issue).

In the initial order, the District Court stated Peschel was bound by the facts and law as established in Martin Development Co. v. Keeney Construction Co. (Mont. 1985), 703

6

P.2d 143, 42 St.Rep. 752, and the District Court litigation preceeding that appeal. The District Court framed Peschel's issue by stating:

> [P]laintiff is not contesting whether or not [he] is bound under the doctrine of collateral estoppel by those facts and matters found to be established in the District Court action and the Supreme Court action. Rather, Plaintiff's position was that such established facts and matters, while binding on Plaintiff in this action, were not dispositive of the specific issues raised between Plaintiff and Defendant as framed and defined by the pleadings and contentions of the parties.

This is the crux of Peschel's argument on appeal. While Peschel does not challenge the fact that he is bound by the facts and law as established in the prior litigation, he does contend that the prior litigation did not determine those issues he now raises and were determined to be without merit by the District Court according to collateral estoppel.

A party is entitled to summary judgment if the totality of the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), M.R.Civ.P. The purpose of summary judgment is to promote judicial economy by eliminating unnecessary trials. Still, the motion should be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The initial burden of demonstrating the absence of any genuine issue regarding any material fact lies with the moving party. See, e.g. Rumph v. Dale Edwards, Inc. (1979), 183 Mont. 359, 600 P.2d 163. If the moving party is successful, the burden of proof shifts to the non-moving party to demonstrate the presence of a genuine issue as to

some material fact. See, Rumph, supra; and DeWinter v. Capp Homes, Inc. (1973), 162 Mont. 19, 507 P.2d 1061. "All reasonable inferences that may be drawn from the offered proof are to be drawn in favor of the party opposing the summary judgment." Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 511.

"Collateral estoppel or issue preclusion refers to the situation where an issue has been previously litigated by a party in a former case and that party is estopped from re-litigating it in a subsequent case." In Re Marriage of Stout (Mont. 1985), 701 P.2d 729, 733, 42 St.Rep. 856, 860, 861. Collateral estoppel is distinct from res judicata, or claim preclusion, which prohibits the litigation of a claim previously litigated and decided. Collateral estoppel refers to a preclusion of issues, as opposed to a claim. We have established a three-part inquiry to determine whether collateral estoppel applies to a given case:

> 1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?
>
> 2. Was there a final judgment on the merits?
>
> 3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

Aetna Life Ins. Co. v. McElvain (Mont. 1986), 717 P.2d 1081, 1086, 43 St.Rep. 697, 703 (quoting, In Re Marriage of Stout (Mont. 1985), 701 P.2d 729, 733-734, 42 St.Rep. 856-861, and Aetna Life and Cas. Ins. Co. v. Johnson (Mont. 1984), 673 P.2d 1277, 1279, 41 St.Rep. 40, 42).

This Court has held that upon an affirmative answer to all three questions, collateral estoppel bars litigation regarding an issue in a civil trial which was previously

8

litigated in a criminal trial. Aetna Life and Cas. Ins. Co. v. Johnson, 673 P.2d at 1279-80, 41 St.Rep. at 42-43. "We have since broadened this holding by applying this test to all cases in which collateral estoppel is at issue." In Re Marriage of Holland (Mont. 1986), 730 P.2d 410, 412, 43 St.Rep. 2293, 2295.

Peschel does not challenge the second and third elements of collateral estoppel as related above. Instead, he focuses on the first element and states that the prior adjudication did not decide the identical issues raised in this case. Peschel is correct in that none of his identical individual issues were determined in prior litigation. The issue must be identical, and we are unable to locate where issues identical to those raised by Peschel were previously litigated. For example, the first issue raised in Peschel's complaint would be whether defendant Jones was negligent when he failed to procure the consent of HUD to Addenda No. 1. This identical issue has not been decided by prior litigation and is not prohibited under the theory of collateral estoppel. Still, we affirm the District Court based on a different reasoning.

The District Court granted the first motion for partial summary judgment by analyzing facts established in the prior litigation, applying them to this cause of action, and concluding that as to certain issues raised in Peschel's complaint there was no genuine issue as to any material fact and that defendant Jones was entitled to a judgment as a matter of law on those issues. In other words, certain facts established in prior litigation now make some of Peschel's current claims to be without merit. Counsel for Peschel has admitted that he is bound by those facts established in the prior litigation. The District Court certainly has the authority to take judicial notice of facts established in

9

related prior litigation. In doing so, the District Court correctly determined that there was no genuine issue as to any material fact regarding certain issues raised in Peschel's complaint.

The allegations Peschel states in sub-paragraphs (a), (c), (d), (f), and (g), all relate to the consent and commitment of HUD and Washington Mortgage. We previously noted that shortly after construction began in 1978, "problems arose concerning Peschel's obligations to fund the cost shortages during the course of construction." Martin Development Co., 703 P.2d at 145, 42 St.Rep. at 753. Addenda No. 1 was the result of negotiations to settle these matters and was not related to HUD. The parties agree that it was Peschel's obligation to properly fund those amounts exceeding that guaranteed by HUD. Additionally, the consent and commitment of Washington Mortgage was not necessary because they notified Peschel he defaulted on his loan October 2, 1979 and that it would be assigned to HUD. Addenda No. 1 was not signed until November 10, 1979 and the consent and commitment of Washington Mortgage after notice of default and assignment would have been meaningless. Since the prior litigation establishes a situation where there is now no genuine issue as to any material fact, the District Court correctly granted summary judgment on these issues.

Peschel alleges in sub-paragraphs (b), (h), and (i) that Jones was negligent in his advice to Peschel and in not obtaining the consent and a guarantee of completion from Martin Development's bonding company. However, it has been established that the bonding company would not have been liable in any event because there was no default by Martin Development. Martin Development Co., 703 P.2d at 146-147, 42 St.Rep. at 755-756. Finally, Peschel alleges in sub-paragraph (j) that defendant was negligent in not

10

negotiating provisions "requiring the contractor to produce lien waivers each month so that progress disbursements would not be held up." However, the financing difficulties were entirely unrelated to this issue and the reason draw No. 13 was not paid was because Washington Mortgage previously assigned the loan to HUD. Martin Development Co., 703 P.2d at 145, 42 St.Rep. at 754. We affirm the District Court decision granting partial summary judgment as to issues listed in Peschel's complaint in paragraph V, sub-paragraphs (a), (b), (d), (f), (g), (h), (i), and (j), and the portion of sub-paragraph (c) referring to the failure to obtain the consent of Washington Mortgage to Addenda No. 1.

2. Statute of Limitations.

On December 8, 1987, the District Court granted an additional partial summary judgment favoring defendant Jones as to all of plaintiff Peschel's remaining issues. This included two additional issues added to Peschel's complaint by amendment. The District Court held that Peschel's remaining claims were barred by the statute of limitations for a legal malpractice action.

Section 27-2-206, MCA, states:

> An action against an attorney licensed to practice law in Montana or a paralegal assistant or a legal intern employed by an attorney based upon the person's alleged professional negligent act or for error or omission in the person's practice must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last, but in no case may the action be commenced after 10 years from the date of the act, error, or omission. (Emphasis added.)

11

Peschel filed his complaint November 14, 1985, and the District Court noted that "the crucial question is whether [Peschel] discovered or through the use of reasonable diligence should have discovered the alleged act, error, or omission prior to November 14, 1982." The District Court concluded that "under the established facts, [Peschel] discovered or though the use of reasonable diligence should have discovered the alleged acts, errors or omissions prior to November 14, 1982."

Peschel's claims remaining after the first partial summary judgment were as follows (claims (m) and (n) were added by amendment):

(c) Defendant's failure to negotiate resolution of current default with Washington Mortgage Company.

(e) Defendant's release and discharge of the contractor, Martin, from all claims in Paragraph 11 of the Addenda, the exoneration clause.

(k) Defendant's advice that Plaintiff's liability under the Addenda was limited to a total of $65,000.00.

(l) Defendant's advice against accepting a proposal by the bonding company to build a third building and thereafter litigate pending issues.

(m) Defendant's advice that Plaintiff sign a letter of exoneration of the contractor's prior defaults and send it to HUD.

(n) Defendant's failure to attach financial exhibits and the HUD agreement to the Addenda.

Peschel claims he did not discover the facts essential to a cause of action until after January 25, 1984, when a district court decision found judgment for Martin Development and

12

against Peschel in the amount of $72,000. See, Martin Development Co., 703 P.2d at 145, 42 St.Rep. at 754. Although Peschel knew of many of the above facts, he argues he did not know those facts might constitute a cause of action until he was found liable to Martin Development. In short, he asserts he had knowledge of the acts, but did not have knowledge of the alleged negligence.

The general issue to be determined is whether Peschel discovered or through the use of reasonable diligence should have discovered, the allegedly negligent acts, errors, or omissions by defendant Jones before November 14, 1982. We have previously addressed similar issues and in Burgett v. Flaherty (1983), 204 Mont. 169, 173-174, 663 P.2d 332, 334, we stated:

> As a matter of law, what is critical in determining when a legal malpractice action accrues is knowledge of the facts essential to the cause of action, not knowledge of the legal theories upon which an action may be brought.
>
> . . .
>
> "[I]t is the knowledge of facts rather than discovery of legal theory, that is the test. The test is whether the plaintiff has information of circumstances sufficient to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his or her investigation. (Sanchez v. South Hoover Hospital 18 Cal.3d. 93, 101, 132 Cal.Rep. 657, 553 P.2d 1129.) If the plaintiff believes that someone has done something wrong because of the damages suffered by her, such a fact is sufficient to alert a plaintiff 'to the necessity for investigation and pursuit of her remedies.' (Sanchez v. South Hoover Hospital, supra, 18 Cal.3d at

13

102, 132 Cal.Rep. at 663, 553 P.2d at
1135.)"

Additionally, we have specifically rejected the "damage rule," wherein the statute of limitations in a legal malpractice action would not begin to run until the plaintiff discovers his actual or determinable damages. Schneider v. Leaphart (Mont. 1987), 743 P.2d 613, 616, 44 St.Rep. 1699, 1702. Such a rule would conflict with § 27-2-206, MCA, which speaks to the discovery of the act, error, or omission, and not to the discovery of actual or determinable damages.

Despite this holding, Peschel states the statute of limitations should have been tolled on his malpractice claim until the District Court found him liable to Martin Development. Peschel contends this is the time he discovered he had a cause of action. Upon carefully reviewing each of Peschel's remaining claims, it is clear that Peschel knew the facts giving rise to each claim and through the use of reasonable diligence he could have discovered any act, error, or omission believed to constitute negligence long before November 14, 1982. All of Peschel's claims involve Jones's preparation, presentation, and advice regarding Addenda No. 1. This document was signed November 10, 1979, more than three years before November 14, 1982. Peschel had litigation pending against him, he was required to contribute more money to the project than he believed to be his responsibility, construction was delayed, Washington Mortgage had sent Peschel a notice of default and assigned the loan to HUD, and the fund release known as Draw No. 13 was not paid in December, 1979. Peschel was aware of all of these events when they occurred, and long before November 14, 1982. After a careful review of all of the facts, we find that through the use of reasonable diligence Peschel had sufficient information to discover any alleged act, error or omission by

14

Jones.  We affirm the decision of the District Court granting partial summary judgment on Peschel's remaining claims.

For the foregoing reasons, the decision of the District Court is affirmed.

Justice

We concur:

Chief Justice

Justices