No. 97-618

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 122

IN RE MARRIAGE OF

THERESA LUNDBY, f/k/a/ THERESA RIPLEY,
n/k/a THERESA KOLAR,

Petitioner and Appellant,

and

DONALD LUNDBY,

Respondent and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Torger S. Oaas, Attorney at Law, Lewistown, Montana

For Respondent:

Daniel L. Falcon; Matteuci, Falcon, Squires & Lester, P.C.;
Great Falls, Montana

Submitted on Briefs: April 23, 1998

Decided:   May 14, 1998

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1    This is an appeal from an order of the Eighth Judicial District Court, Cascade County, granting change of primary custody of the parties' minor children from the appellant, Theresa Lundby, to the respondent, Donald Lundby. Vacated and Remanded.

¶2    The dispositive issue on appeal is whether the District Court had jurisdiction to modify the custody agreement between the parties.

FACTUAL AND PROCEDURAL BACKGROUND

¶3    Theresa Lundby and Donald Lundby were married in Great Falls, Montana, on October 4, 1980.  They have two children, David, born October 12, 1982, and Kevin, born  May 12, 1985.  Theresa and Donald separated on April 9, 1992.  On January 29, 1993, the Eighth Judicial District Court, Cascade County, entered a final decree of dissolution, dissolving the marriage. By a stipulated agreement which was incorporated into the court's decree, Donald and Theresa were granted joint legal custody of the children.

¶4    Sometime in 1995, disputes arose over the conduct of visitation and the parties returned to court.  Most issues were settled by the parties and the District Court only slightly modified the original custody award.  However, with the consent of both parties, Theresa was named primary physical and residential custodian of the children by the court.

¶5    On April 4, 1996, Donald filed a motion for contempt and other relief, alleging numerous failures by Theresa to abide by past court orders regarding custody and visitation with the children.  On June 10, 1996, Theresa filed a motion for contempt of court and modification, claiming that Donald had violated the court's orders regarding the children.  After numerous delays involving continuances and the death of the first District Court Judge, by an amended order filed January 3, 1997, Judge Kenneth R. Neill appointed a special master to make a final report concerning "all pending custody, visitation, child support, medical expenses and contempt issues" between the parties.

¶6    The special master met with the attorneys and reviewed the contents of the District Court file.  A hearing was held on January 16 and 17, 1997. Witnesses testified and exhibits were entered into evidence. The special master also interviewed both children. On January 24, 1997, the special master submitted his report to the court, recommending changing primary physical and residential custody from Theresa to Donald.

¶7    On August 14, 1997, after considering objections to the report by Theresa, the District Court adopted the special master's report as the final order of the court.  Theresa now appeals from the District Court's order adopting the special master's report.

DISCUSSION

¶8   Did the District Court have jurisdiction to modify the custody agreement between the parties?

¶9    The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct.  Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶10  Theresa argues that the District Court erred in adopting the special master's report recommending that primary custody of Kevin and David be changed from Theresa to Donald because the court did not have jurisdiction to modify custody.  Theresa contends that in order for Donald to invoke the jurisdiction of the court to modify custody, he must file a motion complying with the provisions of § 40-4-220, MCA (1995).  Theresa claims that the record is devoid of any motion by Donald requesting a modification of custody pursuant to the requirements of § 40-4-220, MCA (1995).

¶11  Donald counters that the issue of custody modification was tried by the implied consent of the parties.  He claims that he made an oral motion for custody modification during the proceedings which the special master and the parties recognized.  Moreover, he contends that Theresa did not object at any time during the proceedings to Donald's oral motion to modify custody.  Furthermore, Donald argues that there was substantial compliance with the procedures set forth in § 40-4-220, MCA (1995), to give Theresa adequate notice of his request to modify custody and, thus, the District Court had properly assumed jurisdiction over the issue.

¶12   Section 40-4-220(1), MCA (1995), provided:
> A party seeking a temporary custody order or modification of a custody decree shall submit, together with his moving papers, an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceeding, who may file opposing affidavits.  The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.

Under the statute, a party seeking to modify custody must submit a motion with an affidavit  setting forth the facts supporting the request and provide notice to other parties in the proceeding.

¶13  In this case, no motion or affidavit was filed by Donald with the District Court pursuant to § 40-4-220(1), MCA (1995).   Theresa never received written notice of custody modification or an affidavit by Donald setting forth the facts supporting his request for modification of custody.  She was not given an opportunity to file an opposing affidavit.  We have previously held that if the requirements of § 40-4-220(1), MCA (1995), are not met, a district court has no jurisdiction to consider modifying custody.  Knowlton v. Knowlton (1981), 193 Mont. 448, 450, 632 P.2d 336, 337.  See also In re Marriage of Allison (1994), 269 Mont. 250, 887 P.2d 1217; Strouf v. Strouf

(1978), 176 Mont. 406, 578 P.2d 746.

¶14  Donald responds by relying on In re Marriage of Stout (1985), 216 Mont. 342, 701 P.2d 729, and arguing that he had substantially complied with § 40-4-220(1), MCA (1995).  Donald contends that his testimony, under oath during the hearing before the special master, sufficiently set forth the necessary facts to put Theresa on notice of his factual basis for modification of custody.

¶15  In Stout, the father was awarded custody after he filed a verified petition alleging specific facts as the basis for custody modification with the district court.  Stout, 216 Mont. at 345-46, 701 P.2d at 731.  On appeal, the mother argued that the court erred in not dismissing the petition to modify custody because no separate document entitled "affidavit" was filed and served with the petition.  Stout, 216 Mont. at 347, 701 P.2d at 732.  We held that the court was correct in ruling that the verified petition complied with § 40-4-220(1), MCA. Stout, 216 Mont. at 347, 701 P.2d at 732. Our decision was based on our determination that a verified petition is equivalent to an affidavit and the father's petition set forth facts sufficient to put the mother on notice of the factual basis for the modification.  Stout, 216 Mont. at 347-48, 701 P.2d at 732.

¶16  We determine that Donald, unlike the petitioner in Stout, has not substantially complied with the requirements of § 40-4-220(1), MCA (1995).  As stated above, Donald filed no motion or affidavit with the court requesting a modification of the custody agreement.  No notice was provided to Theresa regarding his request for custody modification.

¶17  Even if an oral motion was made by Donald during the proceeding before the special master, that oral motion, along with Donald's testimony setting forth his factual basis for modification, could not sufficiently give Theresa notice that Donald wanted to modify their custody arrangement. Theresa attended the hearing before the special master on notice of only Donald's motion for contempt.  She was not prepared to defend an argument by Donald regarding custody modification.

¶18  Furthermore, we note that only two motions were before the District Court when it appointed the special master for the purpose of making a report concerning "all pending custody, visitation, child support, medical expenses and contempt issues" in this case.  First, there was Donald's motion for contempt and other relief.  Donald moved the court to hold Theresa in contempt  for failing to abide by the court's previous orders regarding visitation, care of the children, the children's medical expenses, and the transportation of the children between visits. Next, there was Theresa's motion for contempt of court and modification.  Theresa moved the court to hold Donald in contempt for failing to abide by the court's July 7, 1995, order regarding insurance coverage, visitation, modification of child support, and the transportation of the children. Neither Donald's nor Theresa's motions requested modification of custody.

¶19   Therefore, when the District Court appointed the special master to resolve the motions between the parties, the only pending issues to be resolved were the contempt motions.  There was no motion for custody modification before the court.  In fact, the special master  recognized that custody was not at issue here.  In making his closing remarks before the parties at the end of the hearing on January 17, 1997, the special master stated:  "Frankly, my impression after going through the file in my own mind was I wondered why we did not have a custody motion on the table here."  However, for reasons that escape this Court, the special master, in addition to resolving the issues in the contempt motions, recommended that the primary custody of the children should be changed from Theresa to Donald.  The special master's report, including the  recommendation regarding custody, was adopted in its entirety as the final order of the District Court.

¶20   Under Rule 53, M.R.Civ.P., a special master's authority is limited to the particular issues or acts stated in the order of reference to the master.  In this case, the special master was appointed to resolve all pending issues between the parties.  As stated above, the only pending issues to be resolved were the parties' contempt motions.  There was no motion for custody modification to be decided before the District Court or the special master.

¶21   We conclude that the District Court erred in adopting the special master's report granting primary custody of the children to Donald.  The District Court's August 13, 1997, order granting primary custody of the children to Donald is vacated for lack of jurisdiction.  This matter is remanded for proceedings consistent with this opinion.

/S/   JIM REGNIER


We Concur:

/S/   J. A.  TURNAGE
/S/   TERRY N. TRIEWEILER
/S/   JAMES C. NELSON
/S/   W. WILLIAM LEAPHART