523 P.2d 117

Greta J. RICHARDS, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF YAVAPAI, and the Honorable James Hancock, a Judge thereof, Respondents;

Wayne D. RICHARDS, Real Party In Interest.

No. l CA–CIV 2744.

Court of Appeals of Arizona, Division 1, Department B.

June 13, 1974.

Thomas R. McCowan, Prescott, for petitioner.

G. Eugene Neil, Prescott, for real party in interest.

## OPINION

HAIRE, Presiding Judge.

In this special action proceeding, the petitioning (former) wife seeks reversal of an order of the Superior Court denying her motion to quash an order to show cause requiring her to appear for a hearing on her (former) husband's post-judgment petition for change of custody of their minor child. As such an order is not appealable, Herzog v. Reinhardt, 2 Ariz. App. 103, 406 P.2d 738 (1965), and the relief sought is based on a claim that the trial court exceeded its jurisdiction or abused its discretion, review by special action is appropriate.

The petitioner and the real party in interest were divorced by a judgment entered on April 15, 1969, which awarded custody of their one minor child to the wife. On April 15, 1974, the husband filed a petition for change of custody to himself, which alleged merely that he believed that the best interest of the child would be served by changing custody to him, without stating any facts on which the requested change was based. The petition was verified by the husband's attorney. Immediately upon the filing of this petition, the trial court signed an order to show cause requiring the wife to appear for a hearing thereon. Prior to setting this hearing, the trial court did not require the petition to be served on the wife, did not afford her any opportunity to file any opposing affidavits, and did not make any finding that adequate cause for hearing the petition was established by the pleadings, as required by A.R.S. § 25–339, as amended effective August 8, 1973. After service of the petition and order to show cause on her, the wife moved to quash the order to show cause for failure to comply with the foregoing statute, and the trial court denied her motion by order

of May 13, 1974. This is the order under review in this special action. After the informal hearing in this special action, this Court issued its order accepting jurisdiction and reversing the trial court's order of May 13, 1974, with directions to the trial court to enter an order granting the wife's motion to quash the order to show cause. This opinion sets forth our reasons for the granting of this relief.

A.R.S. § 25–339 provides as follows:

"A party seeking a temporary custody order or modification of a custody decree shall submit an affidavit or verified petition setting forth detailed facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, or verified petition to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the pleadings, in which case it shall set a date for hearing on why the requested order of modification should not be granted."

Petitioner here complains that the husband's petition was not verified by him personally nor accompanied by any affidavit, that no detailed facts supporting the requested change of custody were alleged, and that she was not given notice of the petition nor any opportunity to submit opposing affidavits prior to the setting of the hearing on the petition.

In the opinion of this Court, the provisions of § 25–339 are mandatory, at least in the sense that they must be observed by the person seeking the custody order and by the trial court, if compliance is not waived by the failure of the opposing party to timely object. Here, petitioner timely

objected by filing her motion to quash. It seems apparent to us that the Legislature intended to change the former procedure in custody modification proceedings and to impose as a requirement the rather specific procedure now set forth in § 25–339, to discourage an endless series of harassing motions by either former spouse. To this end, this statute now requires specific allegations of detailed facts supporting the requested change, and a preliminary determination by the court that it is worthwhile to conduct a hearing, after reviewing the affidavits from both parties. Unless the court finds that adequate cause for hearing the motion has been established by these preliminary pleadings, it is directed to deny the motion without any hearing.

We do not believe that petitioner's complaint about the lack of personal verification by the husband is critical in view of the provisions of Rule 11(b), Rules of Civil Procedure, 16 A.R.S.,[1] but the failure to comply with the requirements for detailed facts, notice, and the preliminary determination by the trial court renders the issuance of the order to show cause erroneous. The wife's motion to quash the order to show cause should therefore have been granted.

In accord with the order of this Court dated May 24, 1974, the order of the respondent Superior Court of Yavapai County dated May 13, 1974, denying petitioner's motion to quash the order to show cause dated April 15, 1974, is reversed, and that court is directed to enter an order granting petitioner's motion to quash said order to show cause.

JACOBSON, Chief Judge, Division 1, and EUBANK, J., concur.

---

1. By this statement we do not indicate approval of attorney verification where the attorney is not a "person acquainted with the facts."