9 P.3d 329

In re the MARRIAGE OF Victoria DOR-MAN, formerly known as Victoria Cabrera, Petitioner/Appellee,

and

Romeo Cabrera, Respondent/Appellant.

Theodore Dorman, Third–Party Petitioner/Appellee.

No. 2 CA–CV 99–0113.

Court of Appeals of Arizona, Division 2, Department B.

Aug. 31, 2000.

Cynthia L. Anson, Tucson, Attorney for Appellees.

Michael H. Gottesman, Tucson, Attorney for Appellant.

## O P I N I O N

HOWARD, Presiding Judge.

¶ 1 Appellant Romeo Cabrera challenges the trial court's order modifying the portion of the parties' marital dissolution decree relating to the physical custody of his and appellee Victoria Cabrera's son. Romeo contends the trial court erred in allowing Victoria to deviate from the prehearing change of custody procedures in A.R.S. § 25–411, in deviating from those procedures itself, and in granting visitation to Victoria's current husband, appellee Theodore Dorman. Because only our resolution of the issue concerning § 25–411 merits publication, we address the visitation issues in a separate memorandum decision. Ariz. R. Civ.App. P. 28(g), 17B A.R.S. We affirm.

## BACKGROUND

¶ 2 The relevant facts are not in dispute. Romeo and Victoria's 1996 dissolution decree provided joint legal and physical custody of their son, with each parent having substantially equal time with the child. In March 1999, Victoria filed a verified petition requesting the court order that the child reside with Romeo because she was being deported to the Philippines and anticipated remaining there for six months to a year while her application for permanent resident status was processed. Her petition also asked that the court award her current husband visitation every other weekend and that she be awarded visitation in the Philippines under certain circumstances. Romeo objected and, after a two-day hearing, the trial court, in effect, granted Romeo primary physical custody of the child and Victoria and/or her current husband visitation on alternate weekends and in the Philippines during the summer and winter of 1999. This appeal followed.[1]

## APPELLATE JURISDICTION

¶ 3 Preliminarily, Victoria challenges our jurisdiction to consider this appeal, arguing that the order from which Romeo appeals is a temporary, rather than a final, order. We have jurisdiction to review special orders made after judgment. A.R.S. §§ 12–120.21(A)(1) and 12–2101(C). To be appealable, a special order after judgment must raise different issues than those that would be raised by appealing the underlying judgment; it must affect the underlying judgment, relate to its enforcement, or stay its execution; and it must not be "merely 'preparatory' to a later proceeding that might affect the judgment or its enforcement." *Arvizu v. Fernandez*, 183 Ariz. 224, 226–27, 902 P.2d 830, 832–33 (1995), quoting *Lakin v. Watkins Associated Indus.*, 6 Cal.4th 644, 25 Cal.Rptr.2d 109, 863 P.2d 179, 184 (1993).

¶ 4 The order at issue here, which grants Romeo primary physical custody of the child, raises different issues than those that would

---

1. Romeo's and Victoria's briefs fail to comply with Rule 13(a) and (b), Ariz. R. Civ.App. P., 17B A.R.S., because their factual recitations do not contain proper citations to the record. Although we have considered this appeal rather than striking the briefs, counsel are cautioned that such noncompliance may result in sanctions in the future.

have arisen from the underlying dissolution decree and affects the underlying decree and its enforcement. And the order is not "merely preparatory"; it resolves all the issues raised in the petition for an order to show cause and, although it is modifiable, *see* A.R.S. § 25–403, it can continue until the child reaches majority. The order is, therefore, an appealable special order after judgment. § 12–2101(C); *see Cone v. Righetti*, 73 Ariz. 271, 275, 240 P.2d 541, 543 (1952) (order modifying custody, visitation, and support was appealable special order after judgment). We have appellate jurisdiction. § 12–120.21(A)(1).

### DISCUSSION

■ ¶ 5 We first address Victoria's claim that § 25–411 does not apply to this case. The statute provides:

> A party seeking a modification of any type of custody order shall submit an affidavit or verified petition setting forth detailed facts supporting the requested modification and shall give notice, together with a copy of his affidavit, or verified petition to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the pleadings, in which case it shall set a date for hearing on why the requested modification should not be granted.

Victoria contends § 25–411 does not apply here because she did not request that the court modify the prior custody order but, rather, that it modify "the child access schedule." We disagree. Victoria's request that the court change the parties' access to the child from substantially equal time to a situation in which the child resides with Romeo and has minimal visitation with Victoria or her current husband is a modification of the physical custody order and is subject to § 25–411. *See DePasquale v. Superior Court*, 181 Ariz. 333, 890 P.2d 628 (1995) (applying former A.R.S. § 25–339, now § 25–411, to request for modification of physical custody); *see also* A.R.S. § 25–402(3) (defining joint physical custody as shared physical residence with substantially equal time with each parent).

■ ¶ 6 We next consider Romeo's argument that the trial court did not have jurisdiction to issue the order modifying the prior custody order because Victoria failed to initiate proceedings under § 25–411, and the trial court failed to determine, as required by § 25–411, whether Victoria had demonstrated adequate cause for modification before ordering a hearing. We review de novo whether the trial court had jurisdiction to issue its order. *See In re Marriage of Crawford*, 180 Ariz. 324, 326, 884 P.2d 210, 212 (1994).

■ ¶ 7 Subject matter jurisdiction is " 'the power to hear and determine cases of the general class to which the particular proceedings belong....' " *Estes v. Superior Court*, 137 Ariz. 515, 517, 672 P.2d 180, 182 (1983), *quoting First Nat'l Bank & Trust Co. v. Pomona Machinery Co.*, 107 Ariz. 286, 288, 486 P.2d 184, 186 (1971). The trial court is vested with subject matter jurisdiction over domestic relations matters, including child custody determinations. Ariz. Const. art. VI, § 14(9); A.R.S. §§ 25–311(A), 25–401(A), and 25–433(A); *Estes*, 137 Ariz. at 517, 672 P.2d at 182. And, absent certain statutory exceptions not applicable here, a trial court has continuing jurisdiction to modify a custody decree it has entered. *Black v. Black*, 114 Ariz. 282, 283, 560 P.2d 800, 801 (1977); *Canty v. Canty*, 178 Ariz. 443, 446, 874 P.2d 1000, 1003 (1994). Thus, we must determine whether § 25–411 establishes an additional jurisdictional requirement before the court can modify custody.

■ ¶ 8 In determining whether § 25–411 is jurisdictional, we attempt to ascertain and give effect to the legislature's intent. *Hale v. Amphitheater Sch. Dist. No. 10*, 192 Ariz. 111, ¶ 18, 961 P.2d 1059, ¶ 18 (1998). We first consider the statutory language and, if necessary, " 'the context of the statute and its historical background, subject matter, effects, consequences, and purpose.' " *Id.* at ¶ 18, 961 P.2d at ¶ 18, *quoting Hampton v. Glendale Union High School Dist.*, 172 Ariz. 431, 434, 837 P.2d 1166, 1169 (1992). We may also consider "the effect and consequences of alternative construction." *Forino*

*v. Arizona Dep't of Transp.,* 191 Ariz. 77, 80, 952 P.2d 315, 318 (1997).

■ ¶ 9 The language of § 25–411 does not indicate an intent to limit the jurisdiction granted by the constitution or the jurisdictional statutes. And § 25–411 was derived from § 410 of the Uniform Marriage and Divorce Act (amended 1973), 9A Pt. II U.L.A. 538 (1998) (hereinafter UMDA). The commentary to that section clearly indicates the section is procedural. It states that

> [t]his section establishes a *procedure* for seeking temporary custody or a modification of a custody decree by motion supported with affidavits. The *procedure* is designed to result in denial of the motion without a hearing unless the court finds that the affidavits establish adequate cause for holding a hearing. The *procedure* will thus tend to discourage contests over temporary custody and prevent repeated or insubstantial motions for modification.

UMDA § 410 cmt., 9A Pt. II U.L.A. 539. (Emphasis added.) Were we to conclude otherwise, it would permit a parent displeased with a post-hearing custody modification to challenge that decision based on a defect in the preliminary prehearing procedures. "The administration of justice, already under great weight, needs no further burden." *Taliaferro v. Taliaferro,* 186 Ariz. 221, 223, 921 P.2d 21, 23 (1996) (trial court's failure to honor notice of change of judge does not deprive court of jurisdiction). In addition, Romeo has presented no argument to support a claim that § 25–411 is jurisdictional rather than procedural. We conclude, therefore, that the requirements of § 25–411 are procedural, rather than jurisdictional, and that the trial court had jurisdiction to hear this matter. *See Lowther v. Hooker,* 129 Ariz. 461, 464, 632 P.2d 271, 274 (1981) (compliance with predecessor statute "is not a jurisdictional prerequisite").[2]

■ ¶ 10 Because the requirements of § 25–411 are procedural and not jurisdiction-

al, errors in interpreting or complying with them may be reversible error, but do not affect jurisdiction.

> While misconstruing a jurisdictional law is fatal to the viability of a court's decision, misinterpreting a procedural law does not void a court's decision. The court still retains jurisdiction over that class of case. Misinterpreting a procedural matter amounts to legal error which may result in reversal by an appellate court, but subject matter jurisdiction remains unaffected by the misinterpretation.

*Estes,* 137 Ariz. at 517, 672 P.2d at 182.

■ ¶ 11 Romeo claims that Victoria and the trial court failed to comply with § 25–411, and that the failures constitute reversible error. However, we decline to consider the merits of this claim for two reasons. First, § 25–411 is a prehearing procedural statute and its purpose is, in part, to "prevent repeated or insubstantial motions for modification." UMDA § 410 cmt., 9A Pt. II U.L.A. 539; *see Pridgeon v. Superior Court,* 134 Ariz. 177, 182, 655 P.2d 1, 6 (1982) (quoting UMDA § 410 cmt.); *Richards v. Superior Court,* 22 Ariz.App. 66, 68, 523 P.2d 117, 119 (1974) (purpose of statute "to discourage an endless series of harassing motions by either former spouse"). The time for achieving the statute's intended protections, however, has passed if noncompliance is first brought to our attention on appeal from the final judgment. *Cf. Richards* (granting special action relief from denial of motion to quash based on failure to comply with former § 25–339). Errors in preliminary procedures, such as those in § 25–411, must be addressed prior to a resolution on the merits. *See Taliaferro,* 186 Ariz. at 223, 921 P.2d at 23 (denial of notice of peremptory change of judge must be challenged by special action); *State v. Murray,* 184 Ariz. 9, 32, 906 P.2d 542, 565 (1995) (denial of motion to remand to grand jury must be challenged by special action); *State v. Vasko,* 193 Ariz. 142, ¶ 25, 971 P.2d 189, ¶ 25 (1998) (denial of

---

2. *Cf. In re Custody of Sexton,* 84 Ill.2d 312, 49 Ill.Dec. 709, 418 N.E.2d 729, 732–33 (1981) (statute prohibiting motion to modify custody decree earlier than two years after decree signed absent affidavits alleging endangerment not jurisdictional); *but see Petrey v. Cain,* 987 S.W.2d

786, 788 (Ky.1999) (affidavit requirement in statute similar to § 25–411 jurisdictional); *In re Marriage of Lundby,* 289 Mont. 74, 959 P.2d 485, ¶¶ 13–16, 21 (1998) (absent substantial compliance with statute similar to § 25–411, no jurisdiction to consider modification).

dismissal for violation of speedy trial rights must be challenged by special action if violation purely technical and nonprejudicial); *State v. Hovey,* 175 Ariz. 219, 220, 854 P.2d 1205, 1206 (1993) (order modifying rate of restitution must be challenged by special action); *Goff v. Pima & Maricopa County Superior Courts,* 2 Ariz.App. 344, 347, 409 P.2d 60, 63 (1965) (denial of change of venue should be challenged by special action); *see also Bechtel v. Rose,* 150 Ariz. 68, 71–72, 722 P.2d 236, 239–40 (1986) (special action more appropriate than appeal to challenge denial of motion to intervene in dependency action); *Finck v. Superior Court,* 177 Ariz. 417, 418, 868 P.2d 1000, 1001 (1993) (special action to review temporary visitation order). Here, the trial court conducted an evidentiary hearing, reviewed the merits of the case, and determined there was sufficient cause to modify physical custody. It is too late to obtain effective appellate review of alleged noncompliance with the prehearing procedural requirements of § 25–411.

¶ 12 Second, we will not reverse for alleged noncompliance with § 25–411 on appeal absent a showing of prejudice. *See* Ariz. Const. art. VI, § 27 ("No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."); *see also Vasko,* 193 Ariz. 142, ¶ 28, 971 P.2d 189, ¶ 28 (violation of speedy trial rights not reversible on appeal absent prejudice); *Goff,* 2 Ariz.App. at 346–47, 409 P.2d at 62–63 (even if denial of change of venue could be raised an appeal, no reversal absent prejudice); *see also Kosidlo v. Kosidlo,* 125 Ariz. 32, 35, 607 P.2d 15, 18 (1979), *disapproved in part on other grounds,* 125 Ariz. 18, 607 P.2d 1 (1979) (failing to sequester witnesses not reversible absent prejudice); *Gutierrez v. Gutierrez,* 20 Ariz.App. 388, 389, 513 P.2d 677, 678 (1973) (signing judgment without waiting required five days for objections not reversible absent prejudice); *Payne v. Payne,* 12 Ariz.App. 434, 435, 471 P.2d 319, 320 (1970) (attorney of record's failure to sign affidavit of default "mere technical defect" requiring no relief absent prejudice). In most cases of custody modification, an appellant will have great difficulty showing prejudice from an error in the preliminary verification or screening procedures under § 25–411 after a hearing has occurred. This buttresses our conclusion that any noncompliance with the statute should be challenged by special action.

¶ 13 Here, although Romeo alleges the procedural violations deprived him "of his opportunity for discovery and a full hearing," noncompliance with the prehearing verification and screening procedures was not the cause of any of the alleged deprivations. And he has not shown what additional discovery he would have conducted, what additional evidence he would have presented, or how it would have affected the trial court's decision. Moreover, Romeo's argument below regarding discovery related to the best interest of the child, a finding he does not challenge on appeal. *Cf. Michael J. v. Arizona Dep't of Econ. Sec.,* 196 Ariz. 246, ¶ 13, 995 P.2d 682, ¶ 13 (2000) (court will accept trial court's best interest finding when not challenged on appeal). Romeo, therefore, has failed to demonstrate any prejudice from the trial court's procedure.

¶ 14 Accordingly, we do not address the merits of Romeo's claim that Victoria and the trial court failed to comply with § 25–411 because he failed to challenge the alleged noncompliance by special action and he failed to demonstrate any prejudice from the trial court's procedures.

## CONCLUSION

¶ 15 The trial court's order is affirmed.[3] Both parties' requests for an award of fees and costs on appeal pursuant to Rule 25, Ariz. R. Civ.App. P., 17B A.R.S., are denied.

CONCURRING: PHILIP G. ESPINOSA, Chief Judge, and WILLIAM E. DRUKE, Judge.

---

**3.** In our unpublished memorandum decision, we affirm the trial court's visitation decision.