NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

-------------------------

DANIELLE SAHLIN (f/n/a HARTFIELD), *Petitioner*

*v.*

THE HONORABLE ELAINE FRIDLUND-HORNE, Judge of the
SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County
of COCONINO, *Respondent Judge,*

SCOTT J. HARTFIELD, *Real Party in Interest.*

No. 1 CA-SA 14-0066
FILED 05-27-2014

-------------------------

Petition for Special Action from the Superior Court in Coconino County
No.  DO 2008-0621
The Honorable Elaine Fridlund-Horne, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

-------------------------

COUNSEL

Harris & Winger, Flagstaff
By Chad Joshua Winger
*Counsel for Petitioner*

Antol & Hance PC, Flagstaff
By Jonathon Kircher
*Counsel for Real Party in Interest*

---

**DECISION ORDER**

---

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maurice Portley joined.

---

**G O U L D**, Judge:

¶1             Petitioner Danielle Sahlin ("Mother") seeks special action relief from the trial court's order granting Respondent/Real Party in Interest Scott J. Hartfield's ("Father") request for a hearing to modify legal-decision making authority and parenting time.  For the reasons discussed below, we accept jurisdiction and grant relief.

¶2             Father and Mother have one child in common.  The parties were divorced on April 3, 2009.  In the decree, Mother was awarded sole legal and physical custody of the child, and Father was awarded parenting time.

¶3             On October 8, 2013, Father filed a verified Petition to Modify Legal-Decision Making; Petition for Modification of Child Support; Motion for Contempt and Order to Show Cause (hereinafter "Petition to Modify").  Mother filed an objection to Father's petition, a detailed affidavit in opposition, and a Request for Order Denying Legal Decision Making Hearing on December 12, 2013.  Mother also filed a Request for Findings of Fact and Conclusions of Law re: Petitioner's Request to Deny Hearing on Modification Petition on December 17, 2013.

¶4             On March 5, 2014, the trial court granted Father's request for a hearing on his Petition to Modify.  The court based its order on the following finding of fact: "It has been over four (4) years since parenting time has been reviewed in this matter."

¶5             After the court issued its order, Mother filed her current petition for special action relief on April 22, 2014.

¶6             In her petition, Mother argues that the trial court abused its discretion by granting Father's request for a custody modification hearing. Mother contends that based on the sole finding by the trial court, Father failed to establish "adequate cause" for the hearing as required by Arizona Revised Statutes ("A.R.S.") section 25-411(L).

**¶7** We have jurisdiction because Mother has no adequate remedy on appeal. Ariz. R. P. Spec. Act. 1(a). Arizona Revised Statute § 25-411 is a procedural statute; as a result, any errors in the preliminary procedures required by the statute "must be addressed prior to a resolution on the merits" at a custody modification hearing. *In re Marriage of Dorman*, 198 Ariz. 298, 302, ¶ 11, 9 P.3d 329, 333 (App. 2000); *see Richards v. Superior Court*, 22 Ariz.App. 66, 68, 523 P. 2d 117, 119 (1974) (granting special action relief from denial of motion to quash based on failure to comply with former § 25–339).

**¶8** We review a trial court's decision regarding the modification of child custody for an abuse of discretion. *Pridgeon v. Superior Court*, 134 Ariz. 177, 179, 655 P. 2d 1, 3 (1982). Pursuant to § 25-411(L), a court "shall deny" a petition to modify custody unless it determines there is adequate cause to have a hearing. A.R.S. § 25-411(L). In determining whether there is adequate cause, "the court must first determine whether there has been a change in circumstances materially affecting the child's welfare." *Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15, 311 P.3d 1110, 1113 (App. 2013); *see Pridgeon*, 134 Ariz. at 179, 655 P. 2d at 3. "If the court finds such a change in circumstances, it must then determine whether a change in custody would be in the child's best interests." *Christopher K.*, 233 Ariz. at 300, ¶ 15, 311 P.3d at 1113; *see Pridgeon*, 134 Ariz. at 179, 655 P. 2d at 3.

**¶9** When a party requests findings of fact and conclusions of law, the trial court is required to "set forth all facts necessary to resolve disputed issues so that [the appellate court] may examine and comprehend the basis for the trial court's rulings." *Kelsey v. Kelsey*, 186 Ariz. 49, 50-51, 918 P.2d 1067, 1068-69 (App. 1996).[1] "If the trial court's basis for a conclusion is unclear, this Court may not affirm simply because we may find some possible basis for that conclusion in the record." *Id.* at 51. Rather, when Rule 52(a) has been invoked, "[i]t must be clear [from the findings] how the court actually did arrive at its conclusions." *Id.* (internal citations omitted).

**¶10** Mother argues that the trial court erred in basing its decision solely on the fact that four years had passed since the issue of parenting time had been reviewed. We agree.

---

[1] *Kelsey* is based on a party's request for findings of fact and conclusions of law pursuant to Arizona Rule of Civil Procedure 52(a), which is identical to Arizona Rule of Family Law Procedure 82(a). *Kelsey*, 186 Ariz. at 50-51, 918 P.2d at 1068-69.

**¶11**         The trial court's finding, standing alone and without further clarification, is insufficient to establish adequate cause under A.R.S. § 25-411(L).  The trial court's order does not identify the specific change(s) in the child's circumstances that are materially affecting the child's welfare such that a modification hearing is warranted.

**¶12**         **IT IS ORDERED** accepting jurisdiction of Mother's petition for special action.

**¶13**         **IT IS ORDERED** granting relief by remanding this matter to the trial court to make further findings regarding whether, based on further review of the verified petition and exhibits thereto, as well as Mother's objections and affidavit, Father has alleged sufficient facts to hold an evidentiary hearing pursuant to A.R.S. § 25-411(L).[2]



Ruth A. Willingham · Clerk of the Court
FILED: gsh

---

[2]         Based on our decision, in our discretion we do not reach the remaining issues raised by Mother in her petition.