NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DEON P. NICHOLAS,
*Petitioner/Appellee,*

*v.*

PHILLIP H. NICHOLAS,
*Respondent/Appellant.*

No. 1 CA-CV 15-0135 FC A
FILED 10-13-2015

Appeal from the Superior Court in Maricopa County
No.  FC2012-004193
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Law Office of Laura Gillis, Phoenix
By Laura E. Gillis
*Co-Counsel for Petitioner/Appellee*

Gillespie, Shields, Durrant & Goldfarb, Mesa
By Mark A. Shields
*Co-Counsel for Petitioner/Appellee*

The Murray Law Offices, PC, Scottsdale
By Stanley D. Murray
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge John C. Gemmill joined.

---

**J O H N S E N**, Judge:

**¶1**        Phillip Nicholas ("Father") appeals from the superior court's order granting a request by Deon Nicholas ("Mother") to modify parenting time and its order granting him partial attorney's fees.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        Mother and Father have three minor children.  In June 2013, the superior court issued a dissolution decree ("Decree") awarding joint legal decision-making authority.  It further ordered that "the minor children shall remain in California with Mother until or about July 1, 2014 when Father retires from the Military and relocates to Arizona thereafter, at which time the children shall be returned to Arizona."

**¶3**        Less than a year after the court issued the Decree, Mother filed a petition (the "Petition") asking the court to set aside its legal decision-making order for lack of subject matter jurisdiction.  In the alternative, she requested to be permitted to relocate to California, where she and the children were living, because of an asserted substantial and continuing change in circumstances.

**¶4**        After ascertaining its jurisdiction and taking evidence, the court granted Mother's request to relocate the children to California.  The court issued a long-distance parenting plan that designated Mother as the primary residential parent and established a visitation schedule for Father.

2

¶5        Father timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2015) and -2101(A)(1) (2015).[1]

## DISCUSSION

### A.        Subject Matter Jurisdiction.

¶6        Father argues the superior court lacked subject matter jurisdiction to consider Mother's motion to relocate because Mother's petition was premature.  Under A.R.S. § 25-411(A) (2015),

> [a] person shall not make a motion to modify a legal decision-making or parenting time decree earlier than one year after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral or emotional health.

Because Mother did not wait a full year to file her Petition and there are no allegations about endangerment, Father contends the court lacked subject matter jurisdiction to enter an order modifying the Decree.

¶7        We review *de novo* whether the superior court had jurisdiction to modify a parenting time order.  *See In re Marriage of Dorman*, 198 Ariz. 298, 301, ¶ 6 (App. 2000).

¶8        Subject matter jurisdiction is the court's "statutory or constitutional power to hear and determine a particular type of case." *State v. Maldonado*, 223 Ariz. 309, 311, ¶ 14 (2010).  By statute, the superior court has subject matter jurisdiction to hear all matters related to marital and domestic relations, including legal decision-making and parenting time.  *See* A.R.S. §§ 25-311(A) (2015) (original jurisdiction of marital and domestic relations matters) and 25-402(A) (2015) (court must confirm compliance with "the uniform child custody jurisdiction and enforcement act" before conducting a proceeding involving legal decision-making or parenting time).

¶9        Contrary to Father's assertion, § 25-411 does not establish the prerequisites for subject matter jurisdiction; it merely sets out the

---

[1]        Absent material revision after the relevant date, we cite a statute's current version.

procedures required for modifying legal decision-making or parenting time. *See Dorman*, 198 Ariz. at 302, ¶¶ 9-10 ("language of § 25-411 does not indicate an intent to limit the jurisdiction granted by the constitution or the jurisdictional statutes"). For that reason, the requirements of § 25-411 are procedural, not jurisdictional. Although *Dorman* analyzed an earlier version of the statute that did not contain the one-year reference, the distinction is not material. As *Dorman* held, and as relevant here, the statute only sets out how a party may file a petition to modify custody; it does not preclude the court's jurisdiction to hear a petition that does not meet the statutory prerequisites. *Id.*

## B.  Sufficiency of Evidence.

**¶10**  Citing A.R.S. § 25-411(L), Father argues the Petition did not contain enough facts to allow the superior court to set a hearing on relocation. He contends that the only "substantial and continuing change in circumstances" alleged in the Petition was that Mother had remarried and was living in California with her new husband. This court, however, will not review asserted prehearing procedural errors under § 25-411 after the superior court has conducted a hearing and reached a decision on the merits. *See Dorman*, 198 Ariz. at 303, ¶ 11 (once superior court has "conducted an evidentiary hearing, reviewed the merits of the case, and determined there was sufficient cause to modify physical custody[,] [i]t is too late to obtain effective appellate review of alleged noncompliance with the prehearing procedural statements of § 25-411.").

**¶11**  Father's brief also argues insufficient evidence supported the court's decision to grant Mother's petition. We review the superior court's decisions about custody and parenting time for an abuse of discretion. *Hart v. Hart*, 220 Ariz. 183, 185, ¶ 8 (App. 2009); *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003). "In considering a motion for change of custody, the court must initially determine whether a change of circumstances has occurred since the last custody order." *Pridgeon v. Superior Court*, 134 Ariz. 177, 179 (1982). Once the court finds a change of circumstances, it then addresses whether a change in custody would be in the child's best interest. *Id.* The superior court has broad discretion to decide whether a change of circumstances has occurred. *Id.* We will affirm the court's ruling on parenting time unless the record is devoid of competent evidence to support the decision. *See Borg v. Borg*, 3 Ariz. App. 274, 277 (1966).

**¶12**  In response to Father's argument about evidence concerning a change in circumstances, Mother argues she did not need to prove a

change of circumstances because her Petition only sought to modify parenting time, not legal decision-making. *See* A.R.S. § 25-411(J) (court may modify parenting time "whenever modification would serve the best interest of the child").[2]

¶13        The Decree gave Mother physical custody of the children by designating her the primary residential parent, pending Father's retirement and return to Arizona. *See Owen*, 206 Ariz. at 421, ¶ 11 ("An order designating one parent as primary residential parent constitutes an order regarding physical custody . . . ."). Because Mother's Petition asked the superior court to allow her to continue to be the primary residential parent in California, contrary to the requirement in the Decree that the children would live in Arizona after Father retired, the Petition effectively sought to change the physical custody order, not just parenting time.

¶14        Following entry of the Decree, Mother married a man who lives in California, and she and her husband have a child together. The court found that both parents have close relationships with the children. It also found that their children have a close relationship with the children of Mother's new husband, who live with him half the time in a 4,000 square-foot home. It found that Father lives in a two-bedroom apartment in Tucson. Although the court noted Father could obtain a larger residence if the children were to return to Arizona, it was "uncertain what specific arrangements (school, daycare, parenting exchanges, etc.) would be necessitated for the children if they returned to an undetermined location in either Maricopa County or Pima County." The court concluded:

> The evidence suggests that the temporary "relocation" to California has been beneficial for the children. They seem to be thriving in school and in the community. Mother is now a homemaker who is able to provide them with their daily care, transportation to school, and all of their usual needs.

---

[2]        When the legislature amended Title 25, Chapter 4 (effective January 1, 2013) it replaced the terms "physical custody" and "parental visitation" with "parenting time." *See* 2012 Ariz. Sess. Laws, ch. 309, § 4 (2d Reg. Sess.) (S.B. 1127); S. Fact Sheet (Final Amended, May 15, 2012), S.B. 1127, 58th Leg., 2d Reg. Sess. (Ariz. 2012).

There is no dispute that the children apparently have a good relationship with their stepfather. . . . He is able to meet the family's financial needs.

\* \* \*

[T]he children's "relocation" to California would actually promote their stability, as they have been residing in Victorville for more than two years.

The children have never lived in Pima County, and it is entirely irrational to deny the "relocation" to California and order their "return" to Pima County, given that they never lived there previously. If the children were ordered to return to Maricopa County, they would still reside approximately 100 miles away from their Father. This result seems similarly illogical.

\* \* \*

The Court has immense respect for Father's service to our country during his 26 years in the military. When the marriage declined in 2011-2012, he was faced with an unfortunate dilemma that is all too common for our service members. Although he remained stationed in Virginia (and later Tennessee), he consented to Mother's relocation with the minor children to the state of Arizona.

Mother soon moved to California without any prior discussion with Father. Her conduct in that regard was entirely inappropriate.

The fact remains, though, that more than two years after their move to California, the children are clearly established in their new community. They seem to be thriving in school, extra-curricular activities, and with their step-siblings. While Father has now moved to Arizona, he did not even return within 100 miles of the children's former community in Maricopa County.

At this point, it would *not* serve the best interests of the children by affirming a return to the state of Arizona. It is far more appropriate for them to remain in Victorville, California.

6

¶15         The record contains sufficient evidence to support the superior court's exercise of discretion.  Although Mother already had moved to California by the time of the Decree, the court could conclude that Mother's subsequent marriage and the children's adjustment to their school and the children's strengthened relationship with their step-family constituted changed circumstances.  Moreover, the court noted that upon his retirement from the military, rather than move to the Phoenix area where he owns a home, Father moved to the Tucson area.  The court termed that as "an unfortunate development," noting that the children have never lived in Tucson.  In holding that it would be in the children's best interests to remain in California, the court also noted that Father presented "no evidence regarding their potential living arrangements, school, daycare, etc." if the children were to return to Arizona.

¶16         Although Father argues that the only "change of circumstances" the superior court could consider were those that occurred before Mother filed the Petition, he cites no legal authority for that proposition, nor does he say how he was prejudiced by the court's consideration of evidence concerning the children's status at the time of the hearing.  *See Dorman*, 198 Ariz. at 303, ¶ 12 (order will not be reversed for noncompliance with § 25-411 "absent a showing of prejudice").

¶17         Father also argues the court should have dismissed the Petition because Mother improperly moved to California in violation of a preliminary injunction.  Citing cases holding that a parent may not deprive an Arizona court of jurisdiction over a child by wrongfully removing the child to another state, Father argues the superior court erred by approving the relocation based in part on circumstances that resulted from Mother's unilateral and unauthorized decision to take the children to California.  The overriding principle guiding child custody, however, is "the welfare and best interest of the child . . . as measured by the particular facts and circumstances of each case before the courts."  *Funk v. Ossman*, 150 Ariz. 578, 581 (App. 1986).  The superior court took evidence and made findings on the appropriate factors set out in A.R.S. § 25-403 (2015), including the children's adjustment to home, school and community.[3]  It was not improper for the court to consider the children's circumstances in California, where they currently live, in determining their best interests.

¶18         The superior court did not err in finding sufficient changed circumstances and that the children's best interests would be served by

---

[3]         Father does not challenge the best interest findings on appeal.

allowing them to remain in California with Mother. We therefore deny Father's request to vacate the superior court's order.

## C.    Attorney's Fees.

¶19        Father contends the superior court abused its discretion by failing to award all of his attorney's fees. We review an award of attorney's fees for an abuse of discretion. *Magee v. Magee*, 206 Ariz. 589, 590, ¶ 6 (App. 2004).

¶20        Section 25-324 (2015) provides:

> The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter or chapter 4, article 1 of this title.

¶21        In considering Father's request for fees, the court found a substantial disparity of financial resources between Father, who is employed, and Mother, who is not. It also determined that Mother acted unreasonably by moving to California without notifying Father and by failing to discuss with Father her intent not to return to Arizona. Accordingly, the court decided that it would be appropriate to grant Father only a portion of attorney's fees. From the record, it is clear that the court considered the two prongs of § 25-324, the financial resources of both parties and the reasonableness of the position of both parties. The court did not abuse its discretion in awarding Father only a portion of his attorney's fees.

## D.    Attorney's Fees on Appeal.

¶22        Both Mother and Father request their attorney's fees and costs incurred on appeal pursuant to § 25-324(A). In relevant part, that provision allows a court to award attorney's fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." We have considered both prongs of § 25-324(A), and we generally agree with the superior court that although Father has greater financial resources, this relocation dispute was triggered by Mother's unreasonable conduct. Accordingly, under the unique circumstances of this case, we exercise our discretion to award Father a portion of his reasonable attorney's fees on appeal.

**CONCLUSION**

¶23       For the reasons set forth above, the superior court did not err in modifying the parenting time order and granting Father a portion of his attorney's fees. Contingent on their respective compliance with Arizona Rule of Civil Appellate Procedure 21, we award Mother her costs of appeal and Father a portion of his reasonable attorney's fees.



Ruth A. Willingham · Clerk of the Court
FILED: ama