McMURDIE, Judge:
*910 ¶ 1 Jessica Ann Sundstrom ("Mother") appeals a superior court order awarding Jamie Flatt ("Father") sole legal decision-making concerning their two minor children. Mother argues the superior court erred by awarding legal decision-making to Father when he had not filed a petition to modify in accordance with Arizona Rule of Family Law Procedure 91. Because neither the rule, nor the relevant statute, require the party who is ultimately granted legal decision-making of the child to be the party who originally petitioned the court, and Mother received adequate notice of Father's request for sole legal decision-making, we affirm.
FACTS AND PROCEDURAL BACKGROUND
¶ 2 Mother and Father are the parents of two minor children, born in 2003 and 2006. They dissolved their marriage in 2008 by a consent decree that awarded Mother sole legal decision-making with the parents sharing equal parenting time.
¶ 3 In late 2014, Mother filed a Petition to Modify Legal Decision-Making, Parenting Time, and Child Support seeking to retain sole legal decision-making of the children, and either supervised or reduced parenting time for Father. In November 2015, Father moved for temporary orders requesting sole legal decision-making. After conducting protracted temporary order proceedings, the court set a final hearing on Mother's petition. For the final hearing, Father filed a pretrial statement requesting sole legal decision-making. Mother objected to Father's request in her pretrial statement because he had not filed a petition to modify legal decision-making in accordance with Arizona Rule of Family Law Procedure 91.
¶ 4 At the final evidentiary hearing, Mother moved to withdraw her original petition to modify.[2] The superior court denied Mother's request. After the hearing, the court awarded Father sole legal decision-making of the minor children. In its order, the court allowed Father to amend his pleadings pursuant to Rule 34(B), and found it had the authority to modify legal decision-making because Mother had filed a petition that complied with Rule 91(D). Mother timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).
DISCUSSION
¶ 5 Mother argues the superior court erred by awarding Father legal decision-making because Father had not filed his own petition to modify legal decision-making in accordance with either A.R.S. § 25-411 or Arizona Rule of Family Law Procedure 91.
¶ 6 By statute, a parent seeking to "modify any type of legal decision-making" must "submit an affidavit or verified petition setting forth detailed facts supporting the requested modification" and provide notice to the other parties. A.R.S. § 25-411(L). By rule, the superior court may not modify legal decision-making "unless there is compliance with A.R.S. § 25-411 and the requirements *911 [of Rule 91(D) ]." Ariz. R. Fam. Law P. ("ARFLP") 91(D). Rule 91(D) requires "any party seeking a modification of legal decision-making" to file a "Petition for Modification of Legal Decision-Making, either verified by the moving party or supported by the requisite affidavit(s) pursuant to A.R.S. § 25-411," as well as provide notice to the other parties to the proceeding. ARFLP 91(D)(1).
¶ 7 Mother admits her petition to modify legal decision-making complied with both § 25-411 and Rule 91(D), but argues that because Father did not file his own petition, the superior court erred by granting him sole legal decision-making of their two children. We disagree with Mother's construct of § 25-411 and Rule 91(D). Section 25-411(L) requires "a person," and Rule 91(D)(1) requires "any party," to file a petition to modify legal decision-making. Neither the rule nor the statute require the party who is ultimately granted legal decision-making of the children to be the party that originally petitioned the court. A contrary reading would allow the court to rule only in favor of the party petitioning for a modification, and therefore require both parents to file petitions to allow the court to grant either party legal decision-making. Such a reading would be illogical. Once a party has petitioned to modify legal decision-making and the court has found adequate cause for a hearing, the petitioning party must be prepared for the possibility that the court will not view the evidence favorably to the petitioner. Because Mother petitioned to modify legal decision-making in accordance with the requirements of both § 25-411 and Rule 91, and Father gave her sufficient notice of his request to award sole legal decision-making to him in the motion for temporary orders and his pretrial statement, the superior court did not err.
¶ 8 Furthermore, this court "will not reverse for alleged noncompliance with § 25-411 on appeal absent a showing of prejudice," and Mother has shown none. In re Marriage of Dorman , 198 Ariz. 298, 303, ¶ 12, 9 P.3d 329, 334 (App. 2000). "Errors in preliminary procedures, such as those in § 25-411, must be addressed prior to a resolution on the merits." Id. at 302, ¶ 11, 9 P.3d 329. Mother claims she was prejudiced because she was not provided an opportunity to respond to a petition and was therefore not provided notice that the court may rule on Father's claims. We discern no prejudice. As the party who originally petitioned the court to address the issue of legal decision-making, Mother had notice the issue would be resolved. She also had notice of Father's intent to argue that he should be awarded sole legal decision-making at the final hearing based on both Father's motion for temporary orders and his pretrial statement. Mother was given an opportunity to respond to Father's arguments both in her pretrial statement and at the final hearing. Accordingly, Mother has not made a showing of prejudice that would allow this court on appeal to reverse based on Father's alleged noncompliance with either § 25-411 or Rule 91.[3] ibr.US_Case_Law.Schema.Case_Body:v1">See id. at 303, ¶ 12, 9 P.3d 329 ("[A]n appellant will have great difficulty showing prejudice from an error in the preliminary verification or screening procedures under § 25-411 after a hearing has occurred."). If the moving party has notice of the other party's desire to seek greater decision-making or parenting time, the court has complete discretion to rule in accordance with the evidence presented.
CONCLUSION
¶ 9 For the foregoing reasons, we affirm the order awarding Father sole legal decision-making of the minor children.

Mother did not file a notice of dismissal pursuant to Rule 46(A). Dismissal under Rule 46(A) is within the superior court's discretion. See Ariz. R. Fam. Law P. 46(A) ("Any family law case or post-decree petition may be dismissed ....") (emphasis added); see also State v. Hansen , 156 Ariz. 291, 294, 751 P.2d 951, 954 (1988) ( "[W]hether to grant a ... motion for dismissal is within the sound discretion of the trial court").

Mother also argues the superior court erred by allowing Father to amend his prior "pleadings" under Rule 34. However, because we find the superior court had the authority to modify legal decision-making based on Mother's petition, the amendment of Father's previous pleadings was not necessary.